GULOTTA, Judge.
By this motion to dismiss the appeal, plaintiff-appellee contends that the defendant-appellant did not timely perfect a sus-pensive appeal from the adverse judgment of the trial court. The plaintiff-appellee suggests that the appeal bond was not filed timely within fifteen days of the court’s denial of a new trial, as required by law. LSA-C.C.P. art. 2123. Plaintiff-appellee additionally contends that the appeal bond further fails to meet the requirements of a devolutive appeal.
The record shows that judgment awarding the plaintiff damages against the defendant was rendered and signed on August 17, 1970. The defendant-appellant timely filed a motion for a new trial. The trial judge denied appellant’s motion for a new trial on August 21, 1970. Appellant did not file an appeal bond until March 1, 1971.
The question before us is whether or not defendant-appellee’s appeal should be dismissed.
The refusal to grant a new trial is classified as an. interlocutory order or judgment. See LSA-C.C.P. art. 1914; Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3rd Cir. 1962); Succession of Centanni, 151 So.2d 539 (La.App. 4th Cir. 1963). There is nothing in the record to indicate that appellant, Joseph Anthony Faia, filed a written request to receive notice of the rendition of the interlocutory order for a new trial. Therefore, in the absence of a request for such notice, the provisions of LSA-C.C.P. 1914 are inapplicable. Thus, the applicable portion of LSA-C.C.P. 2123 dealing with delay for filing suspensive appeals reads as follows:
“Except as otherwise provided by law, an appeal which suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within fifteen days of:
(2) the court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914;” (Emphasis added.)
In the instant case, the applicant was not entitled to notice.
Thus, it is obvious in this case that the lapse of over six months between the court’s denial of a new trial on August 21, 1970, and appellant’s filing of an appeal bond on March 1, 1971, fails to comply with the 15 day period within which to file bond for a suspensive appeal as required by LSA-C.C.P. 2123. The suspensive appeal must therefore be dismissed.
However, the jurisprudence of this state is well settled that even though an appeal cannot be maintained as suspensive, it will be entertained as devolutive if timely perfected. See Graziani v. Elder and Walters *731 Equipment Co., 208 La. 80, 22 So.2d 841 (1941); Ramizest v. Ramizest, 226 La. 973, 77 So.2d 733 (1955); Diamond Match Company v. Moran, 82 So.2d 784 (La.App.1955).
The next question thus before us is whether appellant has complied with the period for delay in maintaining a devolu-tive appeal. The pertinent provision which replies to this question is LSA-C.C.P. art. 2087, the applicable portion of which reads as follows:
“Delay for taking devolutive appeal
“Except as otherwise provided by law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914;” (Emphasis added.)
It becomes apparent that the ninety-day period for perfecting a devolutive appeal commenced to run on August 22, 1970, and expired on November 19, 1970. See: LSA-C.C.P. 5059 relating to the computation of time periods. Since appellant did not file his appeal bond until March 1, 1971, he failed to furnish security within the ninety-day period as required.
According to Article 2162 of the Code of Civil Procedure, an appeal may be dismissed at any time for lack of jurisdiction of the appellate court. See Lafayette v. Farr, 162 La. 385, 110 So. 624 (1926).
“When an appeal has not been timely perfected the judgment of the district court has become final and the Court of Appeal is without jurisdiction. See Un-tereiner v. Miller, 29 La.Ann. 435; Lafayette v. Farr, supra; Succession of Dahm, 166 La. 774, 117 So. 826 (1928); Mount Olive Baptist Church v. New Zion Baptist Church, 198 La. 896, 5 So.2d 144 (1941); Dickerson v. Hudson, 201 La. 915, 10 So.2d 700 (1942); Arnold v. Arnold, 217 La. 362, 46 So.2d 298 (1950); * * *”
Accordingly, for the above and foregoing reasons, appellee’s motion is granted and this appeal is hereby dismissed at appellant’s costs.
Appeal dismissed.
SUPPLEMENTAL OPINION
PER CURIAM.
The motion to dismiss this appeal was brought before the Court predicated on the requirement of LSA-C.C.P. art. 2123 that an appeal bond for a suspensive appeal be furnished within the 15 day period in order to perfect a timely appeal. This Court, in considering the motion, based its conclusions on the applicable time periods of LSA-C.C.P. arts. 2123 and 2087 providing for the 15 day suspensive appeal period and the 90 day devolutive appeal period, respectively. It should be noted that because the subject appeal was brought from a judgment of the First Parish Court for the Parish of Jefferson, rather than from a district court, the provisions of the Louisiana Code of Civil Procedure with reference to city courts shall apply under LSA-R.S. 13:2561.10. Thus, LSA-C.C.P. art. 5002 is the governing article as to delay for filing appeal bonds. See Marsiglia, Inc., v. Inbau, 175 So.2d 3 (La.App. 4th Cir. 1965). LSA-C.C.P. art. 5002 provides that a bond for a suspensive or devolutive appeal be brought within ten days after the expiration of the delays for applying for a new trial, or within ten days of the denial of a new trial. Since bond was not furnished within the applicable time period in the instant case, the results remain the same and the motion to dismiss the appeal is granted.
Appeal dismissed.