*648 ON MOTION TO DISMISS SUSPENSIVE APPEAL
FRUGÉ, Judge.
Plaintiff-appellee, McDowell Well Service, Inc., has made this motion to dismiss the suspensive appeal of defendants-appellants contending that the suspensive appeal was not filed timely.
Judgment was rendered in this case on the 27th of September, 1971. A motion for a new trial was made and that motion was taken under advisement by the trial judge. This motion was denied on January 20, 1972. The denial of the new trial was made in the record by minute entry on January 20, 1972. There is no requirement that an order denying a motion for a new trial be made in writing. It is merely sufficient that it be made as a minute entry. Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3rd Cir., 1962). It is irrelevant that a formal judgment was not signed until March 2, 1972.
The period for taking the sus-pensive appeal began to run after the denial of the new trial on January 20, 1972. Apparently, this is not a case in which appellants can avail themselves of the notice provision of LSA-C.C.P. Article 1914. There is no written request for notice in the record. In any event where notice is required, the period for appeal begins upon the date of mailing of the notice. LSA-C.C. P. Article 1914; Article 2123. The copy of the notice offered by the appellant indicates it was mailed on January 20, 1972. Hence, appellants’ argument that time began when he received notice on February 16, 1972, is unfounded.
It is clear from the record that the suspensive appeal was not filed for timely. The suspensive appeal must be dismissed; however, the appeal will be considered as a devolutive one. Jackson v. Hannie, 225 So.2d 385 (La.App. 3rd Cir., 1969).
For the foregoing reasons, the suspen-sive appeal is dismissed. The costs to await the final outcome of the devolutive appeal.
Dismissed.