BLANCHE, Judge.
This Court, ex proprio motu, examined the record in this matter and issued an or *472 der directed to the appellant to show cause why the appeal should not be dismissed for failure to timely perfect the same to this Court.
As reflected in the minutes of the trial court, on October 19, 1973, plaintiffs-appellants’ motion for a new trial was heard and denied in open court, with all interested counsel present. On January 25, 1974, plaintiffs filed a motion for appeal, and on February 4, 1974, the order of appeal was signed by the trial judge. The bond was filed on February 12, 1974.
Under LSA-C.C.P. Art. 2087, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within ninety days of:
“(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914 * *
Code of Civil Procedure Article 1914[1] entitles a party to notice only when the trial judge has taken the matter under advisement or a written request for notice of the rendition of the interlocutory order or judgment has been filed.
The minutes of court reflect that plaintiffs’ motion for a new trial was not taken under advisement but was denied in open court in the presence of both counsel, nor did plaintiffs file a written request for notice of judgment. Despite plaintiffs’ contention, they were, therefore, not entitled to notice under Article 1914.
Plaintiffs filed their motion for appeal on January 25, 1974, and contend that since the judgment overruling their motion for a new trial was not signed until November 6, 1973, their motion for appeal was timely taken. They cite Code of Civil Procedure Article 1911, which reads as follows :
“Except as otherwise provided by law, all final judgments shall be read and signed by the judge in open court.” (Emphasis supplied)
Article 1911 is inapplicable to the present case because the refusal to grant a new trial is considered an interlocutory order or judgment. LSA-C.C.P. Art. 1914; Dounson v. Faia, 246 So.2d 729 (La.App. 4th Cir. 1971); Simon v. Lumbermens Mutual Casualty Company, 138 So.2d 465 (La.App. 3rd Cir. 1962).
The delay for perfecting a devolu-tive appeal in the instant case thus 'began to run on October 20, 1973, and expired on January 16, 1974. The plaintiff did not file his motion for appeal until January 25, which was after the expiration of the delay period. Since the appeal was not timely perfected, it must be dismissed for lack of jurisdiction. LSA-C.C.P. Art. 2087; Andras v. Hartford Accident & Indemnity Company, 224 So.2d 844 (La.App. 4th Cir. 1969).
For the above and foregoing reasons, the appeal is dismissed, at the cost of plain-tif fs-appellants.
Appeal dismissed.

. LSA-O.C.P. Art. 1914, in part, provides: “When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
“If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
“If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.”