322 So.2d 380 (1975)
Billie Ray HARRIS et ux., Plaintiffs-Appellants,
v.
Dr. W. C. DUPREE, Jr., et al., Defendants-Appellees.
No. 12748.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
Rehearing Denied December 9, 1975.
Writ Refused January 30, 1976.
*381 Ford E. Stinson, Benton, for plaintiffs-appellants.
Cook, Clark, Egan, Yancey & King by Sidney E. Cook, Shreveport, for defendants-appellees.
Before HALL, DENNIS and BURGESS, JJ.
BURGESS, Judge.
Plaintiffs, Billie Ray Harris and Helen Harris Jones, his ex-wife, are appealing from a judgment of the district court in favor of defendants, Dr. W. C. Dupree, Jr., Dr. R. O. Rigby, and Dr. John L. Leopard, III, individually and as partners in the Summer Grove Clinic, J. H. Page, Jr., Summer Grove Clinic, and Willis Knighton Memorial Hospital, Inc. The suit involved the alleged negligence and malpractice of all the defendants which allegedly resulted in the death of plaintiffs' infant son. In this court, defendants-appellees have filed a motion to dismiss the appeal on the ground that this court lacks jurisdiction because plaintiffs-appellants failed to file their appeal bond timely. We grant the appellees' motion and accordingly dismiss the appeal.
Following trial on the merits in April of 1974, the lower court took the matter under advisement. Judgment in favor of all defendants was signed in open court on February 7, 1975. The clerk of court gave notice of the signing of final judgment on February 10, 1975. On that same day plaintiffs moved for a new trial. The district court took the motion under advisement and subsequently denied plaintiffs' motion for a new trial on March 6, 1975. The clerk of court made a minute entry reflecting this decision on March 6, 1975, but did not mail notice to plaintiffs informing them of the denial of their motion because plaintiffs had not filed a request for such notice. Plaintiffs obtained an order of appeal on May 14, 1975, granting them a devolutive appeal to this court conditioned upon the furnishing of an appeal bond of $250. Plaintiffs-appellants filed the appeal bond on July 1, 1975, more than 90 days after the denial of the motion for a new trial on March 6, 1975, but within 90 days of obtaining an order of appeal on May 14, 1975.
The first issue confronting the court is whether Louisiana Code of Civil Procedure Article 1914 requires that notice of the denial of a motion for a new trial must be given to a party even though the party has not filed a request for notice. If such notice is required but was not given, the period within which to perfect the appeal began on May 14, 1975 (the date appellants obtained an order of appeal), rather than on March 6, 1975 (the date of the denial of their motion for a new trial). Accordingly, if appellants are entitled to notice, their appeal was timely perfected since the bond was filed within 90 days of obtaining the order of appeal. Conversely, *382 if appellants are not entitled to notice because they did not request it, the appeal would not be timely perfected since the bond was filed more than 90 days after the denial of their motion for a new trial.
The delays within which to perfect a devolutive appeal are set out in Code of Civil Procedure Article 2087, which provides in part:
"Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
Code of Civil Procedure Article 1914 concerns the requirement of notice of the rendition of an interlocutory order or judgment when such interlocutory order or judgment is taken under advisement. The article states:
"When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
"If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
"If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
"The provisions of this article do not apply to an interlocutory injunctive order or judgment."
Article 1914 provides that notice of the refusal to grant a motion for new trial when such motion is taken under advisement is required only when a party has requested such notice. McDowell Well Service, Inc. v. Gray and Company, 270 So.2d 647 (La.App. 3d Cir. 1972), is on all fours as a procedural matter with the situation presented by this appeal. In that case Judge Hood stated:
"Appellants rely on the third paragraph of that article. [C.C.P. Art. 1914]. They argue that in all cases where a motion for new trial is filed and denied, the delay for appealing commences to run only from the date of the mailing of a notice of the judgment refusing to grant the new trial. They interpret the article as requiring that notice of the rendition of an order or judgment refusing to grant a new trial be given in every case. "We feel that the cited article requires the mailing of a notice of the rendition of a judgment refusing to grant a new trial only in a case where a written request for such a notice has been filed. We believe that the third paragraph of Article 1914 must be construed with the second or preceding paragraph of that article, and that the delays set out in the third paragraph apply only in cases where `a written request for notice of the rendition of the interlocutory order or judgment in such a case has been *383 filed.' No such request was filed in the instant suit, and the delays for appealing thus commenced to run from and after the rendition of judgment refusing to grant a new trial on January 20, 1972. The appellants obviously did not apply for a suspensive appeal timely, and their appeals must be dismissed insofar as they purport to suspend the execution of the judgment." (Emphasis supplied)
See also Succession of Centanni, 151 So.2d 539 (La.App. 4th Cir.1963); Dounson v. Faia, 246 So.2d 729 (La.App. 4th Cir.1971); Palmer and Palmer v. United Investment Corporation, 255 So.2d 611 (La. App. 1st Cir.1971); and Joffrion v. Sears, Roebuck & Company, 266 So.2d 563 (La. App. 3d Cir.1972).
Since appellants were not entitled to notice of the denial of their motion for a new trial, we find that the appeal was not timely perfected because the bond was filed more than 90 days after the denial of their motion.
In answer to the motion to dismiss the appeal, appellants also argue that Code of Civil Procedure Article 2087 is unconstitutional and cite Article I, Sections 2, 19, and 22 of the Louisiana Constitution of 1974 as authority for their position. Appellants have not favored this court with any argument or other citation in support of their contention.
In Larussa v. Evans, 303 So.2d 310 (La. App. 1st Cir.1974), the court held that the requirement of an appeal bond did not violate any constitutional right to appellate review. We agree with that statement.
The right to appellate review is a constitutional right (Article I, Section 19), but we find no constitutional infirmity in the reasonable regulation of that right by the state legislature. The requirement of C.C. P. Article 2087 that a financially able party post a bond within the prescribed delays to secure the payment of costs is not an unreasonable regulation of a party's right to judicial review.
Having found no constitutional objection to C.C.P. Article 2087 and having determined that plaintiffs-appellants did not timely file their devolutive appeal bond, we grant defendants-appellees' motion and dismiss plaintiffs-appellants' appeal at their cost.