LOTTINGER, Judge.
MOTION TO DISMISS
This matter is before us on motion by defendant-appellee to dismiss the appeal of plaintiff for not being perfected timely.
The trial in this ease was held on September 11, 1975, and after taking same under advisement, judgment was rendered and signed on November 18, 1975, and on that day the clerk of court mailed notice of the judgment to all counsel of record.
Defendant timely made application for a new trial, and judgment of the Trial Court reversing itself was rendered on December 22, 1975, and read and signed on December 30, 1975, with the clerk of court on that date mailing notice of this judgment to all counsel of record.
The plaintiff then applied for a new trial which was denied on January 20, 1976, as is shown by the minute entry which reads as follows, to wit:
“This matter came on for hearing on motion for a new trial filed on behalf of plaintiff having waived his appearance. The matter was submitted to the court. Where upon, the court denied the motion.”
On June 2, 1976, a written judgment denying the motion for a new trial was signed by the Trial Court, and a notice of this judgment was mailed to all counsel of record on that date.
Motion for a devolutive appeal was filed on June 10, 1976, and cash in lieu of bond was filed on June 17, 1976.
In making the motion to dismiss the appeal, defendant-appellee argues that since plaintiff-appellant never filed a written request for notice of the refusal of his motion for a new trial, as provided by LSA-C.C.P. Art. 1914, the delay for the devolutive appeal commenced to run upon the court’s refusal to grant a new trial, and thus a motion for an appeal filed on June 10, 1976 was untimely;,
Plaintiff-appellant in opposing the motion to dismiss the appeal argues that any judgment which determines in whole or in part the merits of a case is a final judgment, thus when the Trial Judge granted a new trial on January 20, 1976, by reversing his original position, this judgment was a final judgment because it determined the merits of the controversy, and thus cannot be termed an “interlocutory judgment”. Therefore, it must follow that any granting or refusal of a motion for a new trial is in and of itself a “final judgment” and not an “interlocutory judgment”, thus, the Trial Court’s refusal of plaintiff-appellant’s motion for a new trial is a “final judgment”. An appeal can only be taken from a final judgment that has been signed, and when it was signed on June 2, 1976 plaintiff-appellant timely perfected his devolutive appeal.
The courts of this state have consistently held that the refusal to grant a new trial is an interlocutory judgment, and that written request is required for notice of the refusal to grant a new trial where the motion was taken under advisement. Rottman v. Bituminous Casualty Corporation, 306 So.2d 471 (La.App. 1st Cir. 1974), rehearing denied (1975), writ refused, La., 310 So.2d 642 (1975).
No written request for notice of refusal to grant a new trial was filed by *458 plaintiff-appellant, and further, the minutes of court denote that the refusal to grant a new trial was decided at the same time it was called for hearing, and not taken under advisement. Though plaintiff-appellant was not present at this hearing, the minutes indicate the waiver of his appearance. Therefore, the delays for perfecting an appeal in the instant case began to run on January 21, 1976, the day after the court refused to grant the plaintiff-appellant’s motion for a new trial. The time allowed for the taking of a devolutive appeal in this situation is 90 days from the court’s refusal to grant a timely application for a new trial. LSA-C.C.P. Art. 2087. Thus, by our calculation the time within which to perfect a devolutive appeal expired on April 19,1976. In the instant case the motion for the appeal was granted on June 10,1976, and thus was not timely, and the appeal must be dismissed.
Therefore, for the above and foregoing reasons the appeal is'dismissed at plaintiff - appellant’s cost.
APPEAL DISMISSED.