EDWARDS, Judge.
On July 13, 1977, this Court, ex proprio motu, ordered the parties in this suit to show cause why the present appeal should not be dismissed for failure to file the appeal bond timely.
The record indicates that defendant, Louise Cavalier Clark, is appealing an adverse judgment signed on February 11, 1977.
On February 18, 1977, Mrs. Clark filed a motion for a new trial. A hearing on the motion was held on March 25, 1977, and the trial court took the matter under advisement. Judgment was rendered on May 11, 1977, denying the motion for a new trial. No written request for notice of judgment was ever filed on behalf of Mrs. Clark. However, notice of the judgment denying the motion for a new trial was sent to counsel for both parties on May 13, 1977.
On May 26, 1977, Mrs. Clark obtained an order of appeal in which the trial judge set the return date and fixed the amount of the appeal bond. Mrs. Clark thereafter filed her . appeal bond.
The delay within which to perfect an appeal from a judgment granting a separation from bed and board is thirty (30) days. LSA-C.C.P. article 3942. This delay commences to run, in cases such as the present case in which a timely application for a new trial has been filed, from the date of the trial court’s refusal to grant the new trial if the applicant is not entitled to notice of such refusal. LSA-C.C.P. articles 2087(2) and 3942.
In the instant case, Mrs. Clark was not entitled to notice of the denial of her application for a new trial as she had not filed a written request for notice of judgment as provided in LSA-C.C.P. article 1914. Harris v. Dupree, 322 So.2d 380 (La.App. 2nd Cir. 1975), writ refused 325 So.2d 612 (La.1976); Me Dowell Well Service, Inc. v. Gray and Company, 270 So.2d 647 (La.App. 3rd Cir. 1972).
Therefore the delay for perfecting an appeal commenced on May 11, 1977, the day the trial court denied Mrs. Clark’s application for a new trial. This delay expired on June 10, 1977.
Counsel for Mrs. Clark argues that the appeal bond was filed timely as it was mailed to the Clerk of Court’s office on June 7, 1977 with a cover letter also dated June 7, 1977. He maintains that the bond was received by the Clerk of Court within the delays for perfecting the appeal. The letter of June 7 is in the record and indicates that the appeal bond and the check to cover the cost for preparation and lodging of the record were transmitted with the letter.
We have received a' certificate from the Clerk of Court of Terrebonne Parish which certifies that the attorney’s check was deposited on June 9, 1977. Therefore, we conclude that the appeal bond was received on or prior to June 9, 1977, and was timely.
The apparent policy of the 32nd Judicial District of holding an appeal bond for “approval” by the District Court has no legal significance. The appeal bond was timely received by the Clerk, and therefore was timely “filed.”
*781 For the above reasons, the show cause order is recalled and vacated.
ORDER RECALLED AND VACATED.