DOMENGEAUX, Judge.
In this tort suit, plaintiff, Carrol D. Marr, seeks recovery for injuries sustained while he was horseback riding when the saddle strap or girth securing the saddle to the horse broke, causing plaintiff to fall from the horse. Plaintiff sued James Rex Fair, the owner of the saddle, and St. Paul Fire & Marine Insurance Co., the liability insurer of Mr. Fair. After trial the court rendered judgment in defendant’s favor. Plaintiff has appealed. Defendants have filed a motion to dismiss the appeal for the reason that it was untimely filed.
MOTION TO DISMISS
The trial court rendered judgment on July 6, 1979. On July 12, 1979, plaintiff timely filed application for a new trial. A hearing on this application was held on August 30, 1979, but the matter was taken under advisement. On December 6, 1979, the application for a new trial was denied. The opinion was filed with the minute clerk on December 10, 1979, but the opinion or order was never entered in any of the court minutes. Instead, a copy of the opinion was placed in the private box reserved for each party’s attorney on December 11,1979.
On March 5,1980, plaintiff’s counsel filed an application for a devolutive appeal to this Court. The district court signed this order making the return date in the Court of Appeal on May 5, 1980. On March 17, 1980, counsel for defendants filed a rule directing plaintiff to show cause why his application for appeal should not be dismissed as having been filed more than sixty days after denial of the motion for a new trial. After a hearing, the defendants’ motion to dismiss was denied by the trial court because the clerk failed to make a minute entry in accordance with La.C.C.P. Article 1914.[1]
The district court lacked jurisdiction to hear defendants’ motion to dismiss the appeal. La.C.C.P. Art. 2088 provides that the jurisdiction of the trial court is divested, and that of the appellate court attaches, in the case of a devolutive appeal, from the granting of the order of appeal. Since the order granting the devolutive appeal was signed on March 5, 1980, the trial court could not hear defendants’ subsequently filed motion to dismiss.[2] The only court which could consider defendants’ motion to dismiss was the Court of Appeal, whose jurisdiction to hear the motion attached when the order of appeal was signed.[3]
We have considered defendants’ motion to dismiss. We believe it has merit and should be sustained.
La.C.C.P. Article 2087 provides that a devolutive appeal may be taken within sixty days of “... [t]he court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of *1093 such refusal under Article 1914 ... . ” Article 1914 provides that the applicant is entitled to notice of such refusal only if he has filed a written request therefor. Plaintiff filed no written request for notice of the court’s refusal to grant a new trial in this instance, therefore he was not entitled to notice. Consequently, under Article 2087, the sixty day period within which plaintiff could file an appeal began to run on December 7, 1979, the day after the court’s refusal to grant the application for a new trial, and expired sixty days thereafter on February 4, 1980.[4] Since the order of appeal was not signed until a month later on March 5, 1980, plaintiff’s application for appeal was untimely and must be dismissed.
The trial court believed the application for appeal was timely filed because the order denying plaintiff’s application for a new trial was never entered into the minutes of the court. We do not agree. Official Revision Comment (b) beneath Article 1914 explains that the requirement of a minute entry was intended to afford counsel (presumably those that do not request written notice of the order) a ready opportunity of checking on the matter. However, it is undisputed that plaintiff’s counsel received notice of the court’s refusal to grant a new trial. The trial court found that the minute clerk placed a copy of the refusal order in plaintiff’s attorney’s private box on December 11,1979, and counsel has not denied receiving this notice. Since notice of the order was received in some other fashion, the fact that a minute entry was never made is immaterial in this instance.
For the reasons assigned, the appeal is hereby dismissed. All costs of this appeal are assessed against the plaintiff.

APPEAL DISMISSED.

. That part of Article 1914 provides: “When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.” (Emphasis added).

. While Article 2088 recognizes certain circumstances in which jurisdiction of the trial court continues after the granting of the order of appeal, the hearing of a motion to dismiss the appeal as untimely filed is not one of those circumstances.

. Trailwood Forest-Calcasieu, Ltd. v. Coursey, 372 So.2d 615 (La.App. 3rd Cir. 1979) does not hold to the contrary. We said in that case that the signing of an order of appeal, after an untimely application for appeal, cannot transfer jurisdiction to the Court of Appeal. However, we had jurisdiction to consider the motion to dismiss.

. According to La.C.C.P. Art. 5059, in computing a period of time, the date of the act after which the period begins to run is not included.