LOBRANO, Judge.
On March 24, 1980, a judgment was rendered in favor of Irene Palko, wife of Robert Scott McIntosh, II., appellee, and against Robert Scott McIntosh, II., appellant, decreeing an absolute divorce between the parties. Thereafter, appellant filed a motion for a new trial which was denied on March 27, 1980. Appellant then filed his motion for appeal on April 30, 1980.
*1220 The delay within which to appeal from a judgment granting a judgment of separation or divorce is set forth in Article 3942 of the Code of Civil Procedure, as follows:
“An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1) — (3).”
* *

La.C.C.Pro. Art. 3942.

As applied in this case, the provisions of Article 2087 are clear that the thirty day period begins to run from the Court’s refusal to grant a timely application for a new trial. The new trial was denied on March 27, 1980, and therefore the last day to file for the appeal was April 28, 1980. Appellant argues that the delay commences from the date of the mailing by the clerk of the notice of the court’s denial of a new trial. This is only applicable when a party files a written request for notice of the rendition of a judgment on a motion for new trial. La.C.C.Pro. Art. 1914. Our jurisprudence is clear that the clerk is obligated to mail an interlocutory decree or judgment on a motion for new trial only in those instances where such a written request is filed. Clark v. Clark, 351 So.2d 779 (La.App. 1st Cir. 1977); Harris v. Dupree, 322 So.2d 380 (La.App. 2nd Cir. 1975); Dounson v. Faia, 246 So.2d 729 (La.App. 4th Cir. 1971). Since no written request was filed by appellant in these proceedings, the delay for filing the appeal began March 27, 1980. For the foregoing reasons, this appeal is hereby dismissed.