YELVERTON, Judge.
MOTION TO DISMISS
The plaintiff-appellee, William F. Foster, d/b/a Lake Charles Neurosurgical Associates, moves to dismiss the appeal of defendant-appellant, William H. Lambert, as not being timely perfected.
Default judgment was rendered against the appellant on 4 March 1982. Appellant timely made application for new trial and after argument thereon, the trial court took the matter under advisement. By minute entry dated 28 April 1982, the trial court denied defendant’s application for a new trial. The trial judge, by letter of 28 April 1982, sent both parties a copy of the minute entry. The motion for appeal was filed by defendant on 26 August 1982, a lapse of about 120 days.
Louisiana Code of Civil Procedure Article 2087 states:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914;”
Article 1914 provides:
When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.
The cases interpreting these articles have consistently held that where a party does not file a written request for notice of refusal to grant a new trial, then said party is not entitled to notice. Thus, the third paragraph of Article 1914 is not applicable, and the delays for appealing commence to run from and after the rendition of judgment refusing to grant a new trial. C.C.P. Art. 2087(2) and Art. 2123(2). See McDowell Well Service, Inc. v. Gray and Company, 270 So.2d 647 (La.App. 3rd Cir.1972); Cox v. Southern Colonial Inv. Inc., 393 So.2d 146 (La.App. 1st Cir.1980).
The record shows that the appellant did not request notice of rendition of the interlocutory judgment denying the new trial pursuant to LSA C.C.P. Article 1914, however appellant did receive actual notice of the denial by letter on 28 April 1982. Thus, since notice was not required, the period for taking the appeal began to run after the denial of the new trial on 28 April 1982. Since more than sixty days had elapsed before the defendant filed a motion for appeal, the motion to dismiss must be granted.
MOTION GRANTED.