KNOLL, Judge.
MOTION TO DISMISS
The defendants-appellees, Darrell Mayes and State Farm Fire and Casualty, move to dismiss the appeal of the plaintiffs-appellants, Little Joe Thompson, et ux., as not being timely perfected.
Judgment in this case was signed on July 15, 1982. The plaintiffs-appellants timely moved for an additur or in the alternative a new trial which was denied by the trial court on August 25, 1982. The motion for devolutive appeal as against the defendants-appellees was filed on November 10, 1982.
*45 In this case, a devolutive appeal must have been taken within 60 days of: (1) the court’s refusal to grant plaintiffs’ timely application for a new trial; or (2) the mailing of notice of the court’s refusal to grant their timely application for a new trial. See C.C.P. Art. 2087. Since the appeal order was filed 77 days after the judgment refusing to grant a new trial, the appeal should be dismissed as untimely, unless appellants were entitled to notice of the court’s refusal to grant their application for a new trial.
Appellants contend that the delay in filing the devolutive appeal was caused by the fact that the trial judge and clerk of court failed to notify the appellants of the judgment denying the motion for additur or new trial under the provisions of C.C.P. Art. 1914. However, the appellants admit that they did not file a written request for notice of rendition of judgment. This court has held that where a party does not file a written request for notice of refusal to grant a new trial, said party is not entitled to notice. See Foster v. Lambert, 421 So.2d 1002 (La.App.1982).
The appellants also contend that appel-lees did in fact file a written request for notice of rendition, but were not notified. Presumably, appellants argue that appel-lee’s request for notification inures to their benefit.
Code of Civil Procedure Article 1914 provides:
“When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
If a written request for notice of the rendition of the interlocutory order or judgment in such a case has been filed, the clerk shall mail notice thereof to the party requesting it; and the latter shall have ten days from the date of the mailing of the notice to take any action or file any pleadings he deems necessary, except as provided in the next paragraph.
If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of such notice, as provided in Articles 2087 and 2123.” (Emphasis added)
The underlined provision indicates that a party is not protected by the request of another party for notification of rendition. Since the appellants did not file a written request for rendition, they may not rely on the request filed by the appellees. The appellants were obligated to take their appeal within 60 days of the court’s denial of the motion for additur or new trial. Since the appellants filed their appeal after the 60 day delay, the appellees’ motion to dismiss is granted. The appeal of the plaintiffs-appellants is hereby dismissed at their cost.
APPEAL DISMISSED.