SHORTESS, Judge.
Walter Harris (appellee) filed a motion to dismiss[1] the unlodged appeal of Louella Ross Jackson and Olivia Jackson Jones (appellants) on the grounds that it was not timely perfected. The trial court rendered a decision after trial on September 8, 1982, but judgment was not signed until September 24, 1982. At that time, Alfred W. Spiller, Jr., was counsel of record for appellants, and he was mailed a copy of the judgment. Soon thereafter, appellants retained E. Wade Shows to represent them. On October 1,1982, Shows enrolled as counsel of record for appellants[2] and filed a motion for new trial. Notice of the date fixed for hearing was sent by the clerk of court to Shows. A hearing was held on October 29, 1982, and the trial court took the motion under advisement. Neither party made a written request for notice of the decision. On November 17, the trial judge signed an order dismissing the motion. This order was filed in the suit record on *1121 November 18, 1982. On the same date, the clerk of court mailed a copy of that order to Alfred W. Spiller, Jr., Ernest G. Drake, Jr., and Thomas B. Waterman. Shows was not included in the mailing. A minute entry was not made showing that the new trial was denied. On January 19, 1983, Shows submitted a memorandum in support of his previously argued motion for new trial. On January 24,1983, the Clerk of Court mailed Shows a copy of the order denying the new trial. On February 1, 1983, a motion for suspensive appeal was filed by Shows, which was signed on February 7, 1983. Whereupon, appellee filed this motion to dismiss.
The provisions of La.C.C.P. art. 1914 require the clerk of court to make an entry in the minutes to show the rendering of an interlocutory order or judgment when the case has been taken under advisement. This article also requires a written request for notice of rendition of the interlocutory order or judgment. The official revision comments explaining this article indicate that the requirement of a minute entry of the rendition “affords counsel a ready opportunity of checking on the matter.” This device is therefore available to those who do not request written notice of the order. Here, no minute entry was made, but a written order was signed by the judge and placed in the record, indicating that the motion for new trial had been denied. We find that this written order, placed of record, satisfied the minute entry requirement.
The delays for appeal commenced on the date that the trial judge denied the motion for new trial, because no one had made a written request for notice of the rendition. Assuming that Shows had exclusively undertaken appellants’ case to Spiller’s exclusion makes no difference, because neither was legally entitled to Article 1914 notice.[3]
Appellants have established that it was the custom of the Twenty-First Judicial District Court to notify the attorney who filed a motion for new trial of the court’s ruling thereon. Shows filed the motion, and appellants argued that notice should have been mailed to him rather than to Spiller. Notwithstanding the custom of the Twenty-First Judicial District Court, the express provisions of our statutory law must govern. La.C.C.P. art. 1914[4] is very explicit and provides that notice of the rendition of an interlocutory order need only be given to counsel making a written request therefor. A request was not made, either by Spiller or Shows, and neither was entitled to receive same.
This appeal must be dismissed, at appellants’ costs.
APPEAL DISMISSED.

. Appellee’s original motion to dismiss was given No. 83CM0656. At the time this motion was filed, the appeal had not been lodged. After it was lodged, this court, ex proprio motu, issued a show cause order to appellee, and it was given No. 83CA0853. The two motions have been consolidated. Both involve the same issue.

. Spiller did not formally withdraw as counsel. The order permitting Shows to enroll as counsel for Jackson and Jones is silent as to Spiller and his future status in the case.

. We have been cited Marr v. St. Paul Fire & Marine Ins. Co., 392 So.2d 1091 (La.App. 3rd Cir.1980), by appellee and Cox v. Southern Colonial Inv., Inc., 393 So.2d 146 (La.App. 1st Cir.1980), by appellants. They are inapposite since actual notice was received by counsel in both cases. Here Spiller was mailed notice of the rendition of the order dismissing the motion for new trial. These cases are instructive, however, as to La.C.C.P. art. 1914 and its minute entry requirement.

. Act 61 of the 1983 Regular Session amended La.C.C.P. art. 1914, and it has become effective. It provides that the clerk of court shall mail notice of the rendition of an interlocutory order or judgment to counsel in all cases taken under advisement, eliminating the requirement that a party must make a written request for notice. Unfortunately for appellant, we may not give Act 61 retroactive effect. This appeal was not timely filed, so appellee became vested with an absolute right to have it dismissed. See Townsend v. Graham, 124 So.2d 405 (La.App. 3rd Cir.1960). Even remedial or procedural legislation does not apply retroactively to terminated litigation. See Belanger v. Great American Indemnity Co. of New York, 188 F.2d 196 (5th Cir.1951).