COLE, Judge.
The issue presented herein is whether or not plaintiffs appeal was filed untimely.
This matter involves a suit for declaratory judgment, in which plaintiff, Ho-lyne Newman, seeks the return of certain parcels of land previously transferred to defendant, the Chamber of Commerce of Kentwood. On November 10, 1981, the trial court rendered judgment in favor of defendant. Notice of judgment was sent to the parties on that same date. On November 13, 1981, plaintiff filed a motion and order for new trial which was denied by the trial court ex parte.[1] The trial court inscribed a notation on the bottom of the order attached to plaintiffs motion, denying his request for a new trial on November 23, 1981. This order was subsequently placed in the record. The parties were not sent notice of this ruling.
Plaintiff filed a motion on July 11, 1984 to assign a hearing on his motion for new trial. The trial court originally signed an order setting the motion for hearing, but later rescinded this order. On August 24, 1984, plaintiff filed a pleading entitled “Notice for Writs Alternative Order for Appeal.” [2] The trial court signed an order on that date granting both a devolutive and a suspensive appeal to plaintiff. On September 24, 1984, plaintiff posted bond in the amount set by the trial court. After the lodging of the record with this court, a show cause order was issued, ex proprio motu, to determine whether or not this appeal should be dismissed as untimely.
Plaintiff argues his motion for appeal was timely because he did not receive notice of the denial of his motion for new trial *301 as required under La.Code Civ.P. art. 1913, and consequently, his appeal delays did not commence. We reject this argument, finding appeal delays commenced running and had expired when plaintiff filed his motion for appeal.
La.Code Civ.P. art. 1913 is not applicable to the present case as argued by plaintiff, since the denial of a motion for new trial is an interlocutory rather than a final judgment. La.Code Civ.P. art. 1913; LeBlanc v. Employer’s Reinsurance Company, 339 So.2d 456 (La.App. 1st Cir.1976), writ denied, 341 So.2d 420 (La.1977). La. Code Civ. P. art. 1914, rather than art. 1913, is applicable in determining when notice of judgment is required for interlocutory judgments.[3] Prior to its amendment in 1983, art. 1914 did not require notice of the denial of a motion for new trial unless a written request for such notice had been made. Harris v. Jackson, 439 So.2d 1120 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1240 (La.1984).[4]
Plaintiff does not contend he made any such request. Thus, appeal delays commenced upon the denial of plaintiff’s motion for new trial on November 23,1981. The delay for perfecting a suspensive or devolutive appeal in the present case was 30 and 60 days respectively. La.Code Civ.P. arts. 2123(2) and 2087(2). These delays expired well before plaintiff filed his motion for appeal on August 24, 1984.
Accordingly, this appeal must be dismissed. Plaintiff is to pay all costs of appeal.
APPEAL DISMISSED.

. There is no absolute requirement of a contradictory hearing on a motion for new trial. Such a motion may normally be denied by the trial court ex parte, unless the allegations contained in it clearly require a contradictory hearing. Starks v. Kelly, 435 So.2d 552 (La.App. 1st Cir.1983).

. Plaintiff's application for writs, which sought relief from the trial court’s refusal to grant a hearing on his motion for new trial, was denied by this Court on September 10, 1984. Newman v. Chamber of Commerce of Kentwood, 84 CW 1097.

. When an interlocutory ruling is taken under advisement by the court, La.Code Civ.P. art. 1914 requires the clerk to make a minute entry of any interlocutory judgment or ruling subsequently rendered. Since the record before us does not contain a complete extract of minutes, we are unable to determine from it whether the clerk made such an entry in the present case. However, there has been no contention by plaintiff of a failure by the clerk to make such an entry. In any event, a written denial of plaintiffs motion was placed in the record, which we find sufficient to meet the minute entry requirement, since it afforded counsel an opportunity to determine the status of his motion. Harris v. Jackson, 439 So.2d 1120 (La.App. 1st Cir.1983), writ denied, 444 So.2d 1240 (La.1984).

. La.Code Civ.P. art. 1914 was amended in 1983 to require notice of judgment in all cases where an interlocutory judgment has been taken under advisement, without any necessity of a request by the parties. Acts.1983, No. 61, § 1.