MOTION TO DISMISS
LABORDE, Judge.
The plaintiff-appellee, Bank of Iberia, moves to dismiss the appeal of Lee Math-erne, Jr., defendant-appellant, on the grounds the appeal was untimely filed.
Suit was originally filed against Acadia-na Aircraft, Inc. concerning funds borrowed from the appellee, and a continuing guarantee executed by the appellant, Mr. Matherne and a Mr. Kenneth Matherne. The record shows Mr. Matherne was personally served and cited on August 6,1986. Subsequent to a First Amending and Supplemental Petition being filed, Mr. Math-erne, was again, personally served and cited, with the amending petition on January 5, 1987.
Peremptory exceptions of no cause or right of action were filed by Mr. Matherne. The record reveals that a judgment dismissing these exceptions was signed in open court on January 22, 1987. The judgment also states that Mr. LeBleu, Mr. Matherne’s attorney, did not appear and offered no opposition to the overruling and the dismissing of the exceptions. The defendant was ordered to answer the plaintiffs petition within fifteen days from the signing of the judgment dismissing his exceptions.
The defendant did not answer the petition and a preliminary default was entered against the defendant on February 12, 1987. Confirmation of default was entered, and a final judgment was signed on February 18, 1987.
A motion for a new trial was filed by the defendant on March 4, 1987. As the defendant has filed no opposition to this motion to dismiss, the Court will accordingly utilize the defendant’s arguments contained in its motion for a new trial as opposition to the instant motion to dismiss. The motion for a new trial was denied on April 11, 1987, and notice of that judgment was personally served on Mr. LeBleu on April 30, 1987.
On May 8, 1987, the defendant filed a petition and order for a suspensive appeal which was granted on May 11, 1987. Subsequently, the appellee’s motion to dismiss was filed on July 1, 1987.
LSA-C.C.P. Art. 2123 provides:
Art. 2123. Delay for taking suspensive appeal
Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
The events that start the delay for taking a devolutive appeal is exactly the same as a suspensive appeal. LSA-C.C.P. Art. 2087. A devolutive appeal, however, may be taken within sixty days of one of the trigger days specified in Article 2087.
The final judgment being signed on February 18, 1987, the defendant’s motion for a new trial should have been filed by the end of the day on February 27, as this day is the seventh day exclusive of holidays from the signing of the final judgment. See LSA-C.C.P. Art. 1974. Since the date for timely filing for a new trial ended on February 27, 1987, the delays for taking a suspensive appeal began on February 28, *483 1987. LSA-C.C.P. Art. 2123 (1). The instant motion for appeal being filed on May 8, the thirty day delay for a suspensive appeal, and the sixty day delay for a devol-utive appeal have passed.
The appellant raised arguments relating to notice in its motion for a new trial. First, the appellant argued no notice was received of the January 22, 1987 dismissal of the appellant’s exceptions and ordering the defendant to answer within fifteen days. Secondly, the appellant argued no notice was received of the final judgment of default signed on February 18, 1987.
LSA-C.C.P. Art. 1913 provides in part: Art. 1913. Notice of judgment Notice of the signing of a default judgment against a defendant on whom citation was not served personally, and who filed no exceptions or answer, shall be served on the defendant by the sheriff, by either personal or domiciliary service ....
The appellant was served personally and filed exceptions, thus was not entitled to notice of the signing of the default judgment.
The defendant further argues that he was entitled to receive notice concerning the January 22, 1987 judgment dismissing the exceptions. LSA-C.C.P. Art. 1914 provides in part:
Art. 1914. Interlocutory order or judgment when case under advisement; notice; delay for further action when notice required
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
Paragraph B states that the clerk shall mail notice concerning an interlocutory order. Moreover, the comment to the 1983 Revision states:
1983 Revision Comment
The 1983 amendment eliminates the requirement that a party must make a written request for notice. Instead, it provides that in all cases the clerk shall mail notice of the rendition of an interlocutory order or judgment when the matter has been taken under advisement. The increased protection afforded by this change is especially important to protect a party’s right to appeal. See Harris v. Dupree, 322 So.2d 380 (2nd Cir.1975, writ denied 1976).
Old Article 1914 made it mandatory for the Clerk to mail such notice only if a written request was made by a party.
The reason the appellant was not entitled to the notice requirement of Article 1914, is that the case was not taken under advisement. The judgment in the record clearly states that it was read and signed in open court on January 22, 1987. The fact that Mr. LeBleu did not appear and did not know of the signing of the judgment is not a relevant fact, as Mr. LeBleu was served with notice of the hearing being re-fixed for January 22, 1987.
As the appellant has not perfected this appeal within the delays established by LSA-C.C.P. Arts. 2123 or 2087, the appel-lee’s-mover’s motion is granted and the appellant’s appeal is dismissed at his costs.
MOTION GRANTED AND APPEAL DISMISSED.