DOMENGEAUX, Judge.
MOTION TO DISMISS
Appellant-appellee, David Patrick Daniel, moves to dismiss the appeal of appellee-ap-pellant, Elizabeth Robertson Daniel, on the ground that the appeal was untimely.
Following, a trial on the merits, the trial court rendered judgment on August 29, 1988. A written judgment in accordance with this ruling was signed by the trial court on September 2, 1988. This judgment decided, among other issues, the amount of permanent alimony to be paid to Mrs. Daniel. Notice of this judgment was sent on September 7, 1988.
Mr. Daniel filed a timely Motion for New Trial on September 9, 1988. Initially, a hearing on the Motion for New Trial was scheduled for September 27, 1988. However, by a Motion to Recall Show Cause Order, Mrs. Daniel successfully obtained an order recalling the hearing. Following this action, the trial court denied Mr. Daniel’s Motion for New Trial ex parte on September 29, 1988.
Subsequently, Mr. Daniel moved for and was granted an appeal from the August 29 judgment. Notice of this appeal was mailed on October 18, 1988. In turn, Mrs. Daniel filed her request for an appeal of the August 29 judgment on November 4, 1988. Mrs. Daniel’s appeal is the subject of the instant Motion to Dismiss.
The delay for appealing a judgment on permanent alimony is covered in La.Code Civ.Proc. Art. 3943 which states:
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in *45 so far as the judgment relates to custody or alimony.
Turning to the pertinent portion of La. Code Civ.Proc. Art. 3942, we find the following language:
A. An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087(1)~(3).
The above referenced La.Code Civ.Proc. Art. 2087(l)-(3) contains these provisions for determining the point in time at which the delay for appealing begins:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
As stated above, a timely motion for a new trial was filed in the case sub judice. Therefore, the determination of the appeal delay is dependent on the provisions of La.Code Civ.Proc. Art. 1914. This article provides:
A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
B. The clerk shall mail notice of the rendition of the interlocutory order or judgment to the counsel of record for each party and to each party not represented by counsel; and each party shall have ten days from the date of the mailing of the notice to take any action or file any pleadings as he deems necessary, except as provided in the next Paragraph.
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in Articles 2087 and 2123.
D. The provisions of this Article do not apply to an interlocutory injunctive order or judgment.
Article 1914 was amended in 1983. Prior to its amendment, notice of the rendition of an interlocutory judgment was required to be sent only when a party had filed a written request for notice. Doolan v. Doolan, 349 So.2d 980 (La.App. 3rd Cir.1977). Thus, as in the instant case, when a motion for new trial was denied ex parte and no request for notice was made, the appeal delay began running on the date of the trial court’s denial of the motion. Foster v. Lambert, 421 So.2d 1002 (La.App. 3rd Cir.1982), and Newman v. Chamber of Commerce of Kentwood, 462 So.2d 299 (La.App. 1st Cir.1984), writ denied 463 So.2d 1319 (La.1985). However, in the case sub Judice, we must apply Article 1914 as amended without the benefit of any interpretive jurisprudence.
This court finds that under the new Article 1914 the delay for appealing did not begin to run until notice was sent by the clerk. This ruling conforms with the obvious intent of the legislature in providing greater protection to a party’s right to an appeal. See, La.Code Civ.Proc. Art. 1914, comment (b) (West Supp.1989). Notice of the ex parte denial of the motion for new trial in this case was not sent until May 9, 1989. Mrs. Daniel’s appeal was, therefore, timely. The motion to dismiss this appeal is denied at Mr. Daniel’s cost.
MOTION DENIED.