255 So.2d 611 (1971)
PALMER & PALMER
v.
UNITED INVESTMENT CORPORATION d/b/a Citizens Finance Company.
No. 8678.
Court of Appeal of Louisiana, First Circuit.
November 10, 1971.
Rehearing Denied December 20, 1971.
Writ Refused February 8, 1972.
*612 Charles B. W. Palmer, of Palmer & Palmer, Amite, for appellant.
Joseph H. Simpson, of Schilling & Simpson, Amite, for appellee.
Before LANDRY, BLANCHE and SARTAIN, JJ.
TUCKER, Judge.

ON MOTION TO DISMISS APPEAL
This is an appeal from a judgment of the lower court, in which judgment was signed dismissing plaintiff's suit against the defendant under an alleged assignment.
The judgment was signed on November 16, 1970, and on November 19, 1970, the plaintiff moved for a new trial. This motion was argued on December 11, 1970, taken under advisement, and a judgment denying the motion was rendered and signed on January 22, 1971. A notice of the judgment denying the new trial was mailed to the plaintiff by the Clerk of Court on January 29, 1971. On February 1, 1971 a second motion for a new trial was filed by plaintiff on the basis of newly discovered evidence. Another hearing, grounded on this second motion, was accorded to the plaintiff by the trial judge on March 26, 1971, and on this same day the additional motion was denied. The plaintiff procured an order of appeal to this court on June 1, 1971, returnable on July 30, 1971. An appeal bond was filed on June 7, 1971, and a substitute bond was filed on July 7, 1971.
The defendant has moved to dismiss the appeal on the ground that more than ninety (90) days elapsed between the date that the trial court judgment became final and the date plaintiff's appeal was perfected.
Against defendant's motion to dismiss plaintiff claims that the delays for an appeal commenced to run on March 26, 1971, the date that plaintiff's second motion for a new trial was refused, and the delays for taking an appeal did not commence running on January 29, 1971, the date on which the first motion was denied.
Simply the proposition presented to this court is whether or not the law of this state permits the filing of a second or additional motions for a new trial when the initial or first motion has been denied.
The answer is clear-cut. Neither the Louisiana Code of Civil Procedure nor any other law within our ken or to which we have been cited countenances or permits the filing of a second motion for a new trial by the party who has been denied relief on his first motion.
There is only one delay for taking a devolutive appeal, that is, a period of ninety days and it begins to run from the date of the denial of a new trial or the mailing of the notice of such refusal where it is requested. LSA-C.C.P. Arts. 1914 and 2087. This rule is well grounded in reason, logic and law, as otherwise, an unsuccessful party to litigation could interminably delay and avoid a judgment from becoming subject to execution.
Therefore, the judgment of the trial court became final on January 22, 1971, the date on which plaintiff's initial motion for a new trial was denied. Even were we to accede to the proposition that a notice of this denial was required, the record shows that such a notice was mailed by the clerk on January 29, 1971, and, in either case, considerably more than ninety days *613 passed before plaintiff's appeal was taken and allegedly perfected on June 7, 1971.
The motion of the defendant-appellee to dismiss this appeal will be sustained.
Appeal dismissed.