292 So.2d 874 (1974)
Mrs. Hilda Almeta WATERMEIER, widow of George Aubrey CLARK
v.
BOARD OF TRUSTEES OF the CLERKS OF COURT RETIREMENT & RELIEF FUND, etc.
No. 9763.
Court of Appeal of Louisiana, First Circuit.
March 18, 1974.
Rehearing Denied April 22, 1974.
Writ Refused May 31, 1974.
*875 Emile J. Dreuil, Jr., New Orleans, for appellant.
Robert C. Funderburk, Jr., Baton Rouge, for appellee.
Before BLANCHE, TUCKER and VERON, JJ.[*]
VERON, Judge:
This matter comes before the Court on a motion by defendant-appellee to dismiss a devolutive appeal taken by plaintiff-appellant from a judgment of the district court rejecting her demands and dismissing her suit.
The final judgment in this matter was rendered on March 30, 1973 and signed on June 1, 1973, and an application for a new trial was denied on June 18, 1973, without being taken under advisement by the court. A judgment denying the motion for a new trial was signed on August 21, 1973. On October 16, 1973, plaintiff moved for a devolutive appeal, and the return day was fixed for December 17, 1973. Defendant-appellee then filed a motion to dismiss the appeal on the grounds that the application for a devolutive appeal was not timely as required by the Code of Civil Procedure.
Article 2087 of the Louisiana Code of Civil Procedure provides in part:
". . . an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefore furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914."
The record in this case shows that sections (1) and (3) of Article 2087 are not applicable, and that the only applicable portion of that article is section (2).
Since the application for a new trial was not taken under advisement by the trial court, plaintiff was not entitled to notice of the decision thereon under Article 1914. Therefore, the delay for taking a devolutive appeal began to run when the application for a new trial was denied, and *876 the appeal was filed more than ninety days thereafter.
Plaintiff contends, in his brief in opposition to the motion to dismiss the appeal, that the judgment on its face fails to state that it was read and signed in open court. The judgment states on its face that it was read, rendered and signed, but does not state that this was done in open court. However, the minutes of the trial court reflect that the judgment was rendered and signed in open court. Evidence of proper rendition of a judgment may appear from the minutes of the court as well as from the recitals on the face of the judgment. Luquette v. Floyd, 228 So.2d 177 (La.App. 3rd Cir. 1969).
Finally, plaintiff also argues that the effective date of the judgment denying the motion for a new trial was August 21, 1973, the date it was signed by the trial judge, rather than June 18, 1973, the date that the application for a new trial was denied, because the latter judgment was revoked or re-opened by the trial judge for further consideration upon a telephone call from plaintiff's attorney on June 28, 1973. This, in effect, is equivalent to filing a second motion for a new trial, which our law does not permit. In Palmer & Palmer v. United Investment Corporation, 255 So. 2d 611 (La.App. 1st Cir. 1971), we stated:
"There is only one delay for taking a devolutive appeal, that is, a period of ninety days and it begins to run from the date of the denial of a new trial or the mailing of the notice of such refusal where it is requested. LSA-C.C.P. arts. 1914 and 2087. This rule is well grounded in reason, logic and law, as otherwise, an unsuccessful party to litigation could interminably delay and avoid a judgment from becoming subject to execution." Id. at page 612.
The motion of the defendant-appellee to dismiss this appeal will be sustained.
Appeal dismissed.
NOTES
[*] Due to the death of TUCKER, J., prior to rendition, this opinion is rendered unanimously by BLANCHE and VERON, JJ.