GUIDRY, Judge.
MOTION TO DISMISS
Defendants-appellees, State Farm Mutual Automobile Insurance Company and Continental Insurance Company, move to dismiss the appeal of plaintiff-appellants, Willie and Emmeline Burleigh, as not having been, timely perfected.
The Burleighs filed suit against State Farm and Continental for personal injuries resulting from an automobile accident. On *322 February 22, 1982, a judgment was signed based on a jury verdict rendered in favor of the Burleighs and against State Farm and Continental. On the same day, the Bur-leighs filed a motion for a new trial complaining that the award was insufficient. After arguments on March 29, 1982, the motion was taken under advisement. The trial court rendered written reasons for judgment dated July 2, 1982. Said reasons stated that the motion for new trial was denied. The minute entry of July 6, 1982, reflects that the reasons for judgment were filed and served on all attorneys of record.
On July 19, 1982, the Burleighs filed a motion to reargue their motion for a new trial. Further on the same day, the Bur-leighs filed a motion for a partial new trial on the basis of newly discovered evidence. Said motion was not set for hearing because the medical evidence was not yet complete. Thereafter, the trial court heard arguments on the motion for reargument. On October 22, 1982, the trial court issued written reasons denying the motion for reargument. The minute entry of October 22, 1982, reflects that the reasons for judgment were filed and served on all attorneys of record.
In both of the written reasons herein-above referred to, the trial judge instructed defense counsel to prepare and submit a judgment denying the motion for a new trial. The defense counsel failed to submit any such judgment. As a result, on March 12, 1984, the trial court prepared and filed a formal judgment denying the motions for new trial and for rearguments filed by the Burleighs. On March 26, 1984, the Bur-leighs filed a devolutive appeal. State Farm and Continental subsequently filed a motion to dismiss the appeal on the grounds that the application for a devolu-tive appeal was not timely as required by the Code of Civil Procedure.
Article 2087 of the Louisiana Code of Civil Procedure provides in pertinent part:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:

(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.”
At the outset, the motion for rear-gument was in effect a second motion for a new trial, which our law does not permit. In Palmer & Palmer v. United Investment Corporation, 255 So.2d 611 (La.App. 1st Cir.1971), the First Circuit stated:
“There is only one delay for taking a devolutive appeal, that is, a period of ninety days and it begins to run from the date of the denial of a new trial or the mailing of the notice of such refusal where it is requested. LSA-C.C.P. arts. 1914 and 2087. This rule is well grounded in reason, logic and law, as otherwise, an unsuccessful party to litigation could interminably delay and avoid a judgment from becoming subject to execution.”
Thus, it appears that the denial of the motion for reargument can not be considered in determining the timeliness of the appeal.
As previously stated, the initial application for a new trial was denied in the written reasons of the trial court rendered on July 2, 1982, and filed into the record on July 6, 1982. A judgment denying a new trial need not be written or signed. It is sufficient that it be made as a minute entry. Boyd v. Fourchon, Inc., 408 So.2d 380 (La.App. 1st Cir.1981); Reed’s Elec. Co. v. Royal Furniture Co., Etc., 401 So.2d 416 (La.App. 1st Cir.1981). Therefore, for the purpose of determining the timeliness of the appeal, the motion for new trial was denied on July 6, 1982, the day the reasons for judgment were noted in the minute entries of the trial court. The sixty day delay allowed the Burleighs *323 in which to perfect their appeal commenced on July 7, 1982. We need not discuss the question of whether notice is required since a copy of the reasons for judgment was mailed to all attorneys of record on July 6, 1982. The delays for perfecting a devolu-tive appeal expired on September 6, 1982. The Burleighs motion for an appeal was not filed until March 26, 1984, which was clearly late.
The motion of the defendants-appellees, State Farm Mutual Automobile Insurance Company and Continental Insurance Company, to dismiss the appeal will be maintained.
APPEAL DISMISSED.