525 So.2d 1206 (1988)
John CORREA and Eileen Correa
v.
HCA HEALTH SERVICES OF LOUISIANA, INC. d/b/a Lakeside Hospital, Dr. James W. Keating, Jr., Dr. Robert C. Ball and Sims, Soll, Voth and Associates.
No. 87-CA-866.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
T. Carey Wicker, III, Richard A. Bordelon, Capitelli & Wicker, New Orleans, for plaintiffs-appellees John Correa and Eileen Correa.
Chester A. Fleming, III, Boggs, Loehn & Rodrigue, New Orleans, for defendant-appellant James Keating, M.D.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
KLIEBERT, Judge.
Defendant-appellant, James W. Keating, Jr., M.D., takes this appeal from a judgment which denied his motion for a new trial following the rendition of judgment dismissing his exception of prematurity. For the reasons which follow we dismiss the appeal sua sponte.
John and Eileen Correa sued HCA Health Services of Louisiana, Inc., d/b/a Lakeside Hospital, Dr. James W. Keating, Jr., Dr. Robert C. Ball, and Sims, Soll, Voth and Associates for damages relating to the death of a fetus during an amniocentesis test. Dr. Keating filed an exception of prematurity on the grounds he was a "covered provider" under the Medical Malpractice Act and thus entitled to review before a medical review panel before litigation could be instituted. The trial court sustained the exception and dismissed Dr. Keating from the suit. The Correas subsequently received a registered mail letter from the Commissioner of Insurance stating Dr. Keating was not qualified as a covered provider under the Medical Malpractice Act. Based on this letter plaintiffs filed a pleading entitled "Motion to Reconsider Exception of Prematurity." Following a hearing on the motion, the trial court granted the motion to reconsider, set aside its prior judgment upholding the exception of prematurity and dismissed same. In reaching this conclusion the trial judge rejected the contention the motion to reconsider was an untimely motion for a rehearing and held that the motion was in fact an *1207 action for nullity and hence timely. Dr. Keating immediately filed a motion for a new trial which was denied in open court on January 16, 1986. He did not seek appellate review. Later, on July 1, 1987, Dr. Keating filed a second motion for a new trial based on "new evidence" that he was entitled to a review by the medical review panel. This motion was also denied. It is from the denial of this second motion for a new trial that Dr. Keating brought this appeal.
The second motion for a new trial was both unauthorized and untimely. Neither the Louisiana Code of Civil Procedure nor the jurisprudence permits the filing of a second motion for a new trial by the party who has been denied relief on his first motion. Clark v. Board of Trustees of Clerks of Court R. & R.F., 292 So.2d 874 (1st Cir.1974) writ denied 294 So.2d 836; Palmer & Palmer v. United Investment Corporation, 255 So.2d 611 (1st Cir. 1971) writ denied 257 So.2d 151. Moreover, the second motion for a new trial, filed almost two years after the judgment of which Dr. Keating seeks review, was untimely under La. C.C.P. Article 1974. An motion for a new trial does not affect, interrupt or extend the delay for taking an appeal. Succession of Blythe, 466 So.2d 500 (5th Cir.1985) writ denied 469 So.2d 985.
In our view the trial court properly denied the unauthorized and untimely second motion for a new trial, for it was nothing more than an effort to "boostrap" an appeal of the two-year-old merits judgment on the exception. We refuse to sanction this procedure, for otherwise an unsuccessful party could interminably delay and avoid a judgment from becoming subject to execution. The cost is to be borne by appellant.
APPEAL DISMISSED.