MOTION TO DISMISS
FORET, Judge.
The plaintiff-appellee, Larry Catalon, moves to dismiss the suspensive appeal of the defendants-appellants, Waste Management of Acadiana, Inc., et al., on the grounds that the appellants’ suspensive appeal bond was untimely filed.
A final judgment in this worker’s compensation suit was signed by the trial court on November 30, 1987. That judgment found the appellants indebted unto the ap-pellee for worker’s compensation benefits, medical expenses, and penalties and attorney’s fees. The appellants timely filed a motion for a new trial on December 7, 1987. The motion was denied on December 14, 1987. The record does not show if or when notice of the trial court’s denial of the appellants’ motion for new trial was mailed by the Clerk of Court. In their brief filed in this Court, in opposition to this motion to dismiss, the appellants state that notice was mailed to them on December 15, 1987.
On December 17, 1987, the appellants filed a Motion to Set Suspensive Appeal Bond. This motion was filed because the appellants could not determine the correct amount of their appeal bond, due to the lack of specificity in the trial court’s judgment. The amount of the bond was set on December 23, 1987 by an order of the trial court. On January 13,1988, the appellants filed a motion and order for appeal. On January 21, 1988 the appellants filed a sus-pensive appeal bond.
The appellee’s motion to dismiss asserts that the appeal bond was untimely filed, as it was not filed within thirty days of the date of the mailing of notice of the trial court’s refusal to grant a timely application for a new trial. LSA-C.C.P. art. 2123(A)(3). That article, in its applicable provisions, provides,
A. “Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of: ...
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. Whenever one or more parties file post-judgment motions, the delay periods specified herein commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court’’ (Emphasis added).
The appellants’ Motion to Set Suspensive Appeal Bond was a post-judgment motion that directly affected the appellants’ ability to post security. The appellee argues the delay, within which the appellant had to post security, began to run on December 15, 1987, the day the Clerk of Court supposedly mailed notice of the trial court’s art. 2123(B), a new 1987 amendment, however, directs that the thirty day period of LSA-C.C.P. art. 2123(A) did not begin to run, in this case, until the trial court dis *198 posed of the appellants’ post-judgment motion on December 23, 1987. As the appellants’ suspensive appeal bond was filed within thirty days of December 23, 1987, the bond was filed timely.
MOTION DENIED.