SAVOIE, Judge.
Plaintiff-appellee has filed this motion seeking to dismiss defendants-appellants’ suspensive appeal on the ground that appellants failed to post the required bond in a timely manner.
Marie Rose Ordogne Andras filed a petition for worker’s compensation death benefits, naming as defendants Acadia Dairy Inc. and General Accident Insurance Company. Plaintiff sought benefits due to the death of her husband, who she alleged sustained injuries during the course and scope of his employment with Acadia Dairy. After a trial on the merits, the trial court signed a judgment on June 10,1988, awarding plaintiff weekly benefits in the amount of $48.75. Notice of judgment was sent on June 13. Defendants filed a motion and order for suspensive appeal on July 14, 1988. On July 18, the trial court signed the order and set the appeal bond at $7,500. Defendants did not file the appeal bond until August 2, 1988.
In her motion plaintiff argues defendants’ appeal should be dismissed because the bond was not timely filed as required by Louisiana Code of Civil Procedure article 2123. Article 2123 provides as follows:
A. Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of:
*1101 (1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. Whenever one or more parties file post-judgment motions, the delay periods specified herein commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
Plaintiff argues that since the bond was not filed within thirty days of the mailing of the notice of judgment, the appeal is not timely.
In the instant case defendants argue that because this is a worker’s compensation case with weekly benefits, the amount of the bond cannot be estimated. In addition, they cite Catalon v. Waste Management of Acadiana, 528 So.2d 196 (La.App. 3d Cir.1988) in which the court found that the thirty-day delay for setting the bond was controlled by Article 2123(B). In Catalon the trial court denied a timely motion for new trial on December 14, 1987. On December 17 appellants filed a Motion to Set Suspensive Appeal Bond, because they could not determine the correct amount of their appeal bond (it was a worker’s compensation case). The trial court set the bond on December 23, 1987. On January 13, 1988, appellants filed their motion and order for appeal and on January 21 (beyond the thirty-day period) they filed their sus-pensive appeal bond. Appellees filed a motion to dismiss the suspensive appeal contending the appeal bond was not timely. In ruling on the motion to dismiss, the court stated as follows:
The appellee’s motion to dismiss asserts that the appeal bond was untimely filed, as it was not filed within thirty days of the date of the mailing of notice of the trial court’s refusal to grant a timely application for a new trial. LSA-C.C.P. art. 2123(A)(3). That article, in its applicable provisions, provides,
[[Image here]]
B. Whenever one or more parties file post-judgment motions, the delay periods specified herein commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court. (Emphasis added).
The appellants’ Motion to Set Suspen-sive Appeal Bond was a post-judgment motion that directly affected the appellants’ ability to post security. The appel-lee argues the delay, within which the appellant had to post security, began to run on December 15, 1987, [the day the notice of judgment was mailed].... [A]rt. 2123(B), a new 1987 amendment, however, directs that the thirty day period of LSA-C.C.P. art. 2123(A) did not begin to run, in this case, until the trial court disposed of the appellants’ post-judgment motion on December 23, 1987. As the appellants’ suspensive appeal bond was filed within thirty days of December 23,1987, the bond was filed timely. (Explanation added).
Catalon, 528 So.2d at 197, 198.
We do not agree with appellants’ application of Catalon to the matter sub judice. Catalon is distinguishable from the present case. In this case there was no “motion to set bond” filed prior to the filing of the motion and order for appeal. Because there is no Article 2123(B) post-judgment motion, Catalon is not on point.
Defendants argue additionally that their motion and order for appeal serves as a post-judgment motion. This seems to be a bootstrap argument, i.e., the motion and order for appeal (which includes an order for the trial court to set bond) is a post-judgment motion and until it is acted upon the thirty-day appeal delay does not begin to run. We find no merit to this argument because under this reasoning an appellant could subvert the intent of LSA-C.C.P. art. 2123 and extend indefinitely the time for *1102 taking a suspensive appeal by merely filing a series of motions for appeal.
Also, defendants argue that because this is a worker's compensation case awarding weekly benefits it is impossible for them to estimate the bond. We disagree. LSA-R. S. 23:1351(B) provides:
B. In worker’s compensation cases in which a judgment includes an award of benefits which are to accrue over an indeterminable period of time, the amount of security for a suspensive appeal shall exceed by one-half all benefits and damages due at rendition of the judgment plus all of the benefits, undiscounted, which will accrue during the pendency of the appeal as estimated by the trial court, and including interest allowed by the judgment to the date the security is furnished, exclusive of costs.
In a worker’s compensation case, as here, an appellant could simply use LSA-R. S. 23:1351(B).[1] By estimating and filing a bond the appellant would preserve his appeal. Further, once the trial court set the bond the appellant could increase the bond if he had underestimated it. If appellant refused or failed to do this, then appellee could rule him into court pursuant to Louisiana Code of Civil Procedure article 5123 which allows the appellee to test the sufficiency of the appeal bond.
In conclusion, Catalon may or may not be correct in allowing the appeal delays to run from a post-judgment motion to set the amount of the suspensive bond. However, there is no such post-judgment motion in this case. The appellants’ motion and order for appeal does not serve as an Article 2123(B) post-judgment motion. Based on this reasoning, defendants by failing to estimate and post a bond, have failed to perfect a suspensive appeal.
For the above and foregoing reasons the motion is granted, the suspensive appeal is dismissed and a devolutive appeal is maintained in lieu thereof.
MOTION GRANTED: SUSPENSIVE APPEAL DISMISSED; DEVOLUTIVE APPEAL MAINTAINED.

. Also defendants could have estimated the amount of the bond pursuant to LSA-C.C.P. art. 2124.