JiSCHOTT, Chief Judge.
On the application of defendants we grant certiorari in order to consider the validity of a judgment granting plaintiffs second application for new trial. Plaintiff was given an opportunity to respond and declined to do so. The following chronology is pertinent:
August 17, 1994 Judgment rendered dismissing plaintiffs case.
August 26, 1994 Application for new trial by plaintiff.
September 27, 1994 Judgment denying plaintiffs application for new trial.
October 8, 1994 Application for new trial by plaintiff.
November 18, 1994 Judgment granting plaintiffs second application for new trial.
When the trial court denied plaintiffs first application for a new trial from the judgment dismissing his suit that judgment became final in the trial court. Nothing in the law authorized plaintiff to file his second application for a new trial and the trial court was without jurisdiction to entertain it at all much less grant it. La.C.C.P. arts. 1971 et seq.; Mitchell v. Louisiana Industrial Life Ins. Co., 204 La. 855, 16 So.2d 458, 459 (1948); Thibodeau v. Mayor, et al, 619 So.2d 595, 607 (La.App. 1 Cir.1993); writ denied 629 So.2d 362; Correa v. HCA Health Services of Louisiana, Inc., 525 So.2d 1206, 1207 (La.App. 5 Cir.1988).
Plaintiffs remedy was to take an appeal which he did on November 28, 1994.
Accordingly, the judgment of November 18, 1994, granting plaintiffs second application for a new trial is vacated and set aside.

JUDGMENT VACATED.

LANDRIEU, J., concurs in result.