MOTION TO DISMISS

lx AMY, Judge.
This court, ex proprio motu, issued a rule to show cause why the above captioned appeal should not be dismissed as untimely. Subsequent to this court’s rule, the two ap-pellees, Burch, Marcus, Pool, Rrupp, Daniel & Babineaux, Inc., and C-D Utility Construction Company, Inc., filed their own respective motions to have the appeal of appellant, South Central Bell Telephone Company, dismissed. For the reasons assigned below, we hereby dismiss the appeal.
A final judgment in this case was signed by the trial court on December 13, 1995. Notice of the signing of this judgment was mailed to appellant on December 19, 1995, and on this same date, appellant filed a post-judgment motion seeking a judgment notwithstanding the verdict or, alternatively, a new trial. The trial court denied this motion, ex parte, by a judgement signed on February 1, 1996, and notice of this ruling was sent to appellant on February 2,1996.
LOn February 6, 1996, appellant filed a motion in the trial court entitled a Motion for Rehearing arguing that the trial court erred in denying the motion for JNOV or new trial without providing appellant an opportunity to file the appropriate memorandum in support of the motion and without the conducting of a contradictory hearing. The trial court set this matter for hearing, and the hearing was held on March 26, 1996. The trial court ruled in open court denying the request for rehearing. A written judgment reflecting this ruling was signed by the trial court on April 12, 1996. Appellant, on May 8, 1996, filed a motion and order seeking an appeal from the final judgment in this case.
Appellant contends that its appeal was timely perfected in light of the filing of its motion for rehearing in response to the trial court’s ex parte denial of its motion for JNOV or new trial. To the contrary, appel-lees aver that the motion for rehearing was not a motion for JNOV nor a motion for new trial filed in accordance with La.Code Civ.P. arts.1971, et seq., and that, therefore, the motion for rehearing had no suspensive effect on the delay for appellant to seek an appeal following the trial court’s denial of the initial motion.
Appellant cites Catalon v. Waste Management of Acadiana, Inc., 528 So.2d 196 (La.App. 3 Cir.1988), in which this court held that the filing of a post-judgment motion for the setting of the appeal bond suspended the thirty day delay for perfecting the suspensive appeal. The court notes that in Catalon, we emphasized the fact that the record did not reflect that the appellant therein had re *855 ceived the notice required pursuant to La. Code Civ.P. art. 2123, and appellant asserted that it did not receive the notice from the clerk’s office of the denial of the motion for new trial until December 15, 1987. Thus, in that case, when the bond was posted on January 13, 1988, the appellant had filed the suspensive appeal bond within thirty days of the notice. Despite this recitation of facts in Catalon, this court stated that the filing of the postjudgment motion to have the trial court set the amount of the suspensive appeal bond was the last filing of a post-judgment motion. At the time of the decision in Catalon, La.Code Civ.P. art. 2123(B) provided that the delay for perfecting a suspensive appeal did not commence running until such a post-judgment motion was acted upon by the trial court.
Appellant in the case sub judice recognizes that, subsequent to this court’s opinion in Catalon, the determinative statute was amended. Thus, La.Code Civ.P. art. 2123(B) now provides:
^Whenever one or more parties file motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.
Appellant contends that the holding in Catal-on is applicable to the facts of the instant ease, regardless of the fact that the statute has been amended, due to the fact that in this ease, the trial court’s last ruling was in fact on a motion for new trial. Thus, as the amended statute recognizes a suspensive effect when a motion for new trial is pending, the holding in Catalon is good law under the facts presented herein.
To the contrary, though, appellee Burch, Marcus, Pool, Krupp, Daniel & Babineaux, Inc., relies on the holding in Madison v. Miller Brewing Co., 94-2651 (La.App. 4 Cir.2/10/95), 650 So.2d 831. In Madison the plaintiff filed his first motion for new trial on August 26,1994, which motion the trial court denied on September 27, 1994. Plaintiff again filed a motion for new trial on October 8, 1994, and the trial court granted this motion on November 18, 1994. Subsequently, plaintiff filed an appeal on November 28, 1995. The issue presented to the appellate court was whether the trial court had the authority to grant the second motion for new trial. The court therein concluded that no law, statutory nor Jurisprudential, authorized the filing of the plaintiff s second motion for new trial and found that the trial court was without jurisdiction to entertain this second motion. Thus, the court held that upon the denial of the initial motion for new trial filed by the plaintiff, the judgment at which the motion for new trial was aimed had become final, and plaintiffs remedy at that point was to seek an appeal from the final judgment.
This court finds that the question of whether the trial court continued to have jurisdiction over the case for the purpose of considering the propriety of the initial denial of the motion for JNOV and new trial is not dispositive of the issue of the timeliness of appellant’s appeal. Rather, the Louisiana Code of Civil Procedure provides the delays for filing a motion for an appeal. These delays are entirely dependent upon the time for filing a motion for new trial or a motion for JNOV or the denial of either of these timely filed motions. Thus, the code does not countenance the appeal delays being continually extended by the repetitive filing of these motions nor does the code indicate that a request for rehearing on these matters should have any dilatory effect on the perfecting of a timely appeal. In point of fact, this court finds that if appellant’s argument in this regard were to be adopted as the law in this state, the definitive nature of final judgements could be held in abeyance for an Indeterminate period of time, contrary to the basic tenets of the procedures for perfecting appeals. We find no legal justification for a ruling that would extend the delays for seeking an appeal for an indeterminate time when the code expressly states otherwise.
In the case before this court, then, we find that upon the trial court’s denial of the first motion for JNOV or new trial, the trial court’s judgment became final and appeal-able. Appellant’s sources of relief would have been the timely perfection of an appeal *856 from the final judgment or an application for supervisory relief from the trial court’s denial of the first motion for new trial. We note that appellant contends that the holding in Madison, 650 So.2d 831, can be distinguished from the instant case in that in the latter decision, the plaintiff had filed two identical motions for new trial, unlike the instant case wherein appellant’s second motion was based on the fact that the trial court had denied the first motion without providing mover an adequate opportunity to brief the issues surrounding the motion and without the conducting of a contradictory hearing. While this court has not based its decision on the ruling in Madison, we find appellant’s argument in this regard unpersuasive.
As noted above, when the trial court denied the first motion for JNOV or new trial, appellant could have sought supervisory relief from this court on the grounds asserted in the second motion for new trial. Alternatively, appellant could have filed a timely motion for an appeal in which it could have raised the issue of the propriety of the trial court’s denial of the motion for new trial. This court does not address herein the issue of whether the trial court continued to have jurisdiction for the purpose of reconsidering the ruling initially made by that court on appellant’s motion for JNOV or new trial; rather, we hold that the filing of this motion for rehearing in the trial court had not effect on the delay for seeking an appeal from the earlier entered final judgment. Accordingly, we hold that appellant’s appeal filed in excess of the sixty days following notice of the trial court’s denial of the initial motion for JNOV or new trial was untimely, and the appeal is hereby ordered dismissed at appellant’s cost.

APPEAL DISMISSED.