h SAUNDERS, Judge.
The Defendanb-Appellant, Bridgette Fruge Berzas, filed an appeal from the judgment of the district court which adjudicated a division of the community property between the Defendant and the Plaintiff-Appellee, Ray Kimble Berzas. Upon the lodging of the record in this court, we issued a rule for the Defendant to show cause why the appeal should not be dismissed as having been untimely perfected. For the reasons discussed below, we dismiss the appeal.
A trial on the merits of the division of the community property formerly existing between the parties to this domestic suit was held on July 5, 2000. At the trial the Plaintiff was represented by counsel; however, the Defendant appeared in proper person. At the conclusion of the trial, the trial court acquiesced in the Plaintiffs request that the record in this case be left open and also allowed the parties seven days within which to file post trial memo-randa.
The trial court rendered written reasons for judgment on November 6, 2000, outlining the items and values for the assets and liabilities which were determined to be part of the former community and dividing these between the parties. On November 13, 2000, the Defendant, acting in proper person, filed a pleading entitled “Motion for Reconsideration of Reasons for Judgment” asserting that she should be awarded one half of the alleged profits earned during the tax year of 1998 through the Plaintiffs crawfishing operation. The trial court set this matter for hearing on December 11, 2000.
On December 7, 2000, the trial court signed a written judgment in conformity with the earlier rendered written reasons for judgment on the division of the community. Notice of this judgment was mailed to the Plaintiffs counsel and to the Defendant personally on December 7, 2000.
|aThe trial court held the hearing in the Defendant’s “Motion for Reconsideration of Reasons for Judgment” on December 11, 2000, at the conclusion of which the court took the matter under advisement. In the written reasons rendered by the trial court on December 13, 2000, the court explained that the Defendant’s motion was being considered as a motion for new trial, and for the reasons expressed in the opinion, was being denied. Notice of this ruling was sent by the trial court to the Plaintiffs counsel and to the Defendant personally on December 15, 2000.
On December 28, 2000, again acting in proper person, the Defendant filed a pleading entitled “Motion and Order for New Trial”. The Defendant averred that a new trial should be ordered since subsequent to the December 13 ruling of the trial court, she had discovered evidence indicating that the Plaintiff had incorrectly stated the values, the equity, and the remaining liability on some of the property belonging to the community. The trial court granted the order setting this matter for hearing on January 11, 2001.
The Plaintiff responded by filing a “Motion to Dismiss” arguing that the Defendant’s second motion for new trial was not in accordance with the procedural law in *1115 that it lacked an affidavit verifying the allegations made in the motion. In addition, the Plaintiff argued that the motion for new trial was filed untimely. The Plaintiff also contended that the motion should be denied since any information regarding the valuations of the subject property could have been obtained by the Defendant prior to the initial trial on the community.
The trial court held a hearing on these matters on January 11, 2001. After taking these matters under advisement, the trial court rendered a ruling on January 12, 2001. Insofar as the timeliness of the second motion for new trial was concerned, the trial court held that the motion had been timely filed ^considering that the time delay for filing the motion had begun on the first business day following the district court’s sending of the notice of the denial of the first motion for new trial on December 15, 2000. The court also ruled that although the Defendant had failed to attach the required affidavit, she had attached the documentation on which the motion was based, and therefore, the court refused to dismiss the motion on this ground. The court then granted a new trial on the limited issue of the proceeds received by the Plaintiff from a vehicular sales dealership. The new trial was set for February 8, 2000.
At the new trial on February 8, the trial court found in favor of the Defendant and ordered that the equity value of two vehicles which had belonged to the community be revised. A written judgment in accordance with the trial court’s oral ruling was signed on April 4, 2001.
On May 7, 2001, the Defendant, acting through counsel, filed a motion for a sus-pensive appeal.[1] The order granting the suspensive appeal was signed by the trial court on May 8. On June 5, the Defendant moved to convert the suspensive appeal into a devolutive appeal which was granted by the trial court on June 6.
The record in this appeal was lodged in this court on July 2, 2001. This court issued the above reference Rule to Show Cause on July 3. A response was filed by defense counsel on July 19.
In determining the timeliness of this appeal, we first consider the effect of the Defendant’s filing of her “Motion for Reconsideration of Reasons for Judgment”. We agree with the trial court that the correct designation of this pleading is a motion for new trial. In a recent opinion of.this court, we held |4that although a motion for new trial is premature when filed prior to the signing of the written judgment, the motion becomes effectual upon the subsequent signing of the judgment. Davis v. Witt, 01-894 (La.App. 3 Cir. 8/1/01), 796 So.2d 38.
However, the trial court denied the Defendant’s first motion for new trial on December 13, 2000, and in accordance with La.Code Civ.P. art.1914, notice of this denial was sent by the district court on December 15. As discussed above, the Defendant then filed a second motion for new trial on December 28, 2000.
The jurisprudence of this state has long held that no law of this state countenances the filing of a second motion for new trial by the unsuccessful party who was denied relief on their first motion for new trial. Palmer & Palmer v. United Investment Corp., 255 So.2d 611 (La.App. 1 Cir.1971), writ denied, 260 La. 689, 257 So.2d 151 *1116 (1972).[2] As pointed out by our brethren on the first circuit, were this court to permit the losing party on a motion for new trial to file another motion for new trial, a party could interminably delay the final judgment from becoming exigible.
Applying the principles discussed above and the provisions for seeking a devolutive appeal set forth in La.Code Civ.P. art.2087 to the facts of the instant case, the Defendant had sixty days from the mailing of the notice by the |Bdistrict court of the denial of the Defendant’s motion for new trial within which to take her appeal. This notice was sent on December 15, 2000, and the Defendant’s first motion for appeal was not filed until May 7, 2001. As this time period well exceeds the sixty days set by Article 2087 for the delay for perfecting a devolutive appeal, we hereby dismiss the instant appeal at the Defendant’s cost as untimely.

APPEAL DISMISSED.

WOODARD, J., dissents.

. No motion to enroll as counsel for the Defendant appears in the record filed in this court.

. In Burleigh v. State Farm Ins., 453 So.2d 321 (La.App. 3 Cir.1984), this court dismissed an appeal as untimely after finding that the appeal was not timely perfected counting the delay for taking the appeal from the date that the trial court rendered judgment denying the first motion for new trial, even though a second motion for new trial had been filed and adjudicated by the trial court. The supreme court reversed this court's ruling with the statement, "Granted. The judgment of the Court of Appeal is set aside, and the appeal is reinstated.” Burleigh v. State Farm Ins., 458 So.2d 931 (La.1984). Therefore, this court addressed the merits of the appeal in Burleigh v. State Farm Ins., 469 So.2d 270 (La.App. 3 Cir.), writ denied, 474 So.2d 1305 (La.1985). Since the supreme court’s order reinstating the appeal in that matter provides no guidance as to the basis for the reversal of this court's opinion dismissing the appeal, we defer to the well established line of jurisprudence which supports dismissal of the appeal in the instant case.