JOAN BERNARD ARMSTRONG, Chief Judge.
| ¶ This matter comes before us on a “Motion to Dismiss Suspensive Appeal, Alternatively to Convert it to a Devolutive Appeal,” filed by the plaintiff-appellee, Lionel Roch.
The plaintiffs motion to dismiss concerns the timing of the 30-day delay for filing a suspensive appeal under La. C.C.P. art 2123. Therefore, the underlying facts of this case are not relevant to this procedural issue.
The original judgment was rendered by the District Court on June 15, 2006, finding in favor of the plaintiff-appellee, Lionel Roch, and against the defendant-appellant, Accent Construction Company (Accent), in the sum of $250,000.00 for past and future pain and suffering plus $100,000.00 for past lost wages, along with all costs and expert fees.
On July 6, 2006, timely motions for new trial, JNOV, remittitur and additur were filed by the plaintiff; by the defendant, Accent Construction Company, for new trial, JNOV, and remittitur; and by the in-tervenor Eagle Pacific Insurance Company (Eagle), to amend the judgment, for new trial and to set the intervention for trial.
|aOn August 4, 2006, the trial court rendered a “Judgment on Post-Trial Motions.” All of Accent’s motions were denied. All of Eagle’s motions were denied except that the trial of Eagle’s worker’s compensation intervention was fixed for trial for October 2, 2006. And all of the plaintiffs motions were denied except “to allow the inclusion of Canal as a party cast *1267 in judgment, solidarity with its insured as the liability insurer of Accent Construction Company, subject to the terms and limitations of its policy.”
Therefore, the effect of this judgment was to grant the plaintiffs motion for new trial to the extent that it cast an additional party in judgment, Canal Indemnity Company, as the liability insurer of Accent Construction Company.
This August 4, 2006 judgment was mailed to the defendants on September 21, 2006. On September 28, 2006, Accent and Canal filed a joint motion for new trial in response to the judgment of August 4, 2006. While this was the second motion for new trial filed by Accent, it was the first filed by Canal.
This motion for new trial was denied in its entirety on October 9, 2006. Accent and Canal filed a motion and order for suspensive appeal on October 24, 2006. Accent and Canal contend that this filing was timely based on the October 9, 2006 denial of their motion for new trial. The plaintiff brings this motion to dismiss based on the contrary position that the appeal time should be based on the August 4, 2006 judgment denying Accent’s motion for new trial which was later mailed to the parties on September 21, 2006. The plaintiff contends that only one new trial may be requested and that, in effect, the request for a second new trial was a nullity. The plaintiff does not argue that the sus-pensive appeal is untimely if the second request for a new trial is valid. The defendants do not argue that the suspensive appeal is timely if the 30 day suspensive appeal period begins to run on | .¡September 22, 2006, the day after the notice of the August 4, 2006 judgment was mailed.
This Court’s analysis will be informed throughout by the longstanding maxim of our law that appeals are favored. Appeals “should not be dismissed unless the law clearly requires a dismissal.” Thurman v. Star Elec. Supply, Inc., 283 So.2d 212, 217 (La.1973).
This Court is aware of a number of cases consistent with Palmer & Palmer v. United Inv. Corp., 255 So.2d 611, 612 (La.App. 1 Cir.1971) where the court took the position that:
Neither the Louisiana Code of Civil Procedure nor any other law within our ken or to which we have been cited countenances or permits the filing of a second motion for new trial by the party who has been denied relief on his first motion.
See: South Central Bell v. Womack & Associates, Inc., 97-2413, p. 4 (La.App. 1 Cir. 11/6/98), 744 So.2d 635, 637; Correa v. HCA Health Services of Louisiana, Inc., 525 So.2d 1206, 1207 (La.App. 5 Cir.1988); Clark v. Board of Trustees, 292 So.2d 874, 876 (La.App. 1 Cir.1974). See also Madison v. Miller Brewing Co., 94-2651 (La.App. 4 Cir. 2/10/95), 650 So.2d 831; Vernon v. South Central Bell Telephone Co., 96-1243 (La.App. 3 Cir. 10/30/96), 682 So.2d 853.
However, all of these cases may be distinguished from the instant case, because in all of them the first motion for new trial was denied in its entirety. In the instant case the effect of the judgment was to grant the plaintiffs motion for new trial, at least in part, by casting an additional party defendant in judgment, Canal, a defendant not mentioned in the original judgment.
14At the other end of the spectrum from the above cited cases is Carlone v. Carlone, 444 So.2d 1274 (La.App. 4 Cir.1984), in which this Court held as follows allowing a second new trial:
Plaintiff contends that only one new trial is permitted, and that the delay period for appeal, therefore, began on the date of the judgment of the first new trial *1268 and had expired before defendant filed her petition for appeal.
•Defendant bases her contention on the fact that the statutory provisions for new trial refer to it in the singular and on the lack of provisions for the filing of new trials from judgments granted on new trials. See La.C.C.P. arts.1971-1979.
Without a more explicit indication of such intent, the statutes use of the wording “a new trial” cannot be read to prohibit more than one new trial. Article 14 of the Louisiana Civil Code states that “[t]he words of a law are generally to be understood in their most usual signification, without attending so much to the niceties of grammar rules as to the general and popular use of the words.” The Civil Code’s definitional statute goes further in stating that “[t]he singular is often employed to designate several persons or things ...” La.C.C. art. 3556(2).
In fact, Article 1971 provides that a new trial may be granted to all of the parties, which would suggest that more than one new trial could be granted. In any case, since there is no explicit prohibition of a second new trial and there are no provisions in the law concerning the matter, the decision to grant more than one new trial must rest with the trial court judge. The delay period for taking an appeal does not begin to run until the court’s refusal to grant a timely application, or the date of mailing of notice of the court’s refusal if required, for the second trial just as for the first. La.C.C.P. arts.2087(2) and (3), and 2123(2) and (3); Jones v. Jones, 393 So.2d 281 (La.App. 1st Cir.1980); Donaldson v. Donaldson, 389 So.2d 1375 (La.App. 3d Cir.) writ den. 394 So.2d 617 (1980).
Id., at p. 1276.
| ¡(While we note that Carlone is at odds with this Court’s later decision in Madison v. Miller Brewing Co., supra, this Court has never explicitly overruled or criticized Carlone.
In the instant case, Canal was cast in judgment for the first time as a result of the plaintiffs motion for a new trial. Canal was not mentioned in any manner in the first judgment. Therefore, there was no reason for Canal, as a defendant, to file a motion for new trial in response to the first judgment. In effect, although the plaintiff in filing this motion to dismiss refers to the “second motion for new trial,” from the perspective of Canal, it was the first. We believe that Canal should have the opportunity to file post trial motions, including a motion for new trial, just as any other party would.
We can find no other case in the jurisprudence in which a second motion for new trial was requested by a party cast in judgment as a result of the first motion for new trial, which party was not mentioned in the original judgment. Therefore, we hold that Canal had the right to file a motion for new trial, and the 30 day delay for filing the instant suspensive appeal runs from the October 9, 2006 denial of that motion.
This Court, having found Canal’s new trial request valid, Accent, as a co-defendant, has the benefit of the same timing under La. C.C.P. art 2123 B. La. C.C.P. art 2123 B provides that:
Whenever one or more parties file motions for a new trial or for judgment notwithstanding the verdict, the delay periods specified herein commence for all parties at the time they commence for the party whose motion is last to be acted upon by the trial court.
For the foregoing reasons, the plaintiffs motion to dismiss the defendants’ appeal is denied.
| «MOTION TO DISMISS DENIED.
BELSOME, J., Concurs With Reasons.