# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 10-313

AGILUS HEALTH (KENNETH McKEITHEN)

VERSUS

DRESSER, INC., ET AL.

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 07-08504
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

************

## DAVID E. CHATELAIN[*]
## JUDGE

************

Court composed of Oswald A. Decuir, J. David Painter, and David E. Chatelain, Judges.

**MOTION TO DISMISS SUSPENSIVE APPEAL AND
CONVERT TO DEVOLUTIVE APPEAL DENIED.**

**Keith J. Landry
D. Paul Gardner, Jr.
Allen & Gooch
Post Office Box 81129
Lafayette, Louisiana 70598-1129
(337) 291-1430
Counsel for Defendants/Appellants:
    Liberty Mutual Insurance Company
    Dresser, Inc.**

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Edward R. Wicker, Jr.**
**Barrasso, Usdin, Kupperman, Freeman and Sarver**
**909 Poydras Street, Suite 1800**
**New Orleans, Louisiana 70112**
**(504) 589-9700**
**Counsel for Defendants/Appellants:**
    **Liberty Mutual Insurance Company**
    **Dresser, Inc.**

**Edward E. Roberts, III**
**Neblett, Beard & Arsenault**
**Post Office Box 1190**
**Alexandria, Louisiana 71309**
**(318) 487-9874**
**Counsel for Plaintiff/Appellee:**
    **Agilus Health**

**R. Bray Williams**
**Joseph Payne Williams, Sr.**
**Williams Family Law Firm, L.L.C.**
**Post Office Box 15**
**Natchitoches, Louisiana 71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellee:**
    **Agilus Health**

**CHATELAIN, Judge**.

The appellee, Agilus Health, Inc., moves to dismiss the suspensive appeal of the appellants, Dresser, Inc. and Liberty Mutual Insurance Company, and to convert their appeal to a devolutive appeal. The appellee contends that the appellants posted their suspensive appeal bond untimely. Finding that the posting of the bond was timely in accordance with La.R.S. 23:1310.5, we deny the motion to dismiss.

Following trial of this matter, the workers' compensation judge (WCJ) rendered a money judgment against the appellants, finding that the appellee had been underpaid by the appellants in the sum of $23.40 for health care bills associated with a work-related injury to Kenneth McKeithen. The WCJ also cast the appellants with a $2,000.00 statutory penalty and with $3,000.00 in attorney fees.

The WCJ signed the written judgment on January 14, 2010. On this date, the trial court mailed notice of this judgment to all counsel of record. No motion for new trial was filed. The appellants filed their motion and order for appeal on February 4, 2010, and the order was granted by the WCJ on February 5, 2010. Also, on February 5, 2010, appellants filed a Motion and Order to Set Bond for Suspensive Appeal, which order was signed by the WCJ setting a hearing for February 8, 2010.

The hearing on the bond amount was conducted on February 8, 2010, at which time the WCJ set the bond amount. On February 10, 2010, the WCJ signed an order setting the bond amount at $5,352.00. The appellants posted the suspensive appeal bond on March 2, 2010. The record was subsequently lodged in this court.

The appellee filed a motion to convert the appeal from suspensive to devolutive, arguing that the appellants failed to post their suspensive appeal bond within thirty days of notice of the final judgment, as provided in La.Code Civ.P. art.

1

2123. The appellants filed an opposition memorandum in this court, contending that the bond was timely posted within thirty days of the notice of the setting of the bond's amount as provided in La.R.S. 23:1310.5(C).

Louisiana Code of Civil Procedure Article 2123(A) provides:

> Except as otherwise provided by law, an appeal that suspends the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, only within thirty days of any of the following:
>
> (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
>
> (2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.

However, the foregoing is further explained by La.Code Civ.P. art. 2124, which reads in pertinent part:

> B. The security to be furnished for a suspensive appeal is determined in accordance with the following rules:
>
> (1) When the judgment is for a sum of money, the amount of the security shall be equal to the amount of the judgment, including the interest allowed by the judgment to the date the security is furnished, exclusive of the costs.

Prior to the applicability of La.R.S. 23:1310.5, which became effective on January 1, 1990, the jurisprudence had held that, in an appeal of a judgment awarding weekly benefits in a workers' compensation case, the appellants should have estimated the amount of the suspensive appeal bond to post, and the appellants having failed to do so, the suspensive appeal was dismissed as untimely pursuant to La.Code Civ.P. art. 2123. *See Andras v. Acadia Dairy, Inc.*, 542 So.2d 1100 (La.App. 1 Cir.), *writ denied*, 544 So.2d 381 (La.1989).

2

However, in the present case, the appellants rely on La.R.S. 23:1310.5(C), which reads:

> When there has been an award of benefits by the workers' compensation judge, no appeal by an employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the workers' compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the Code of Civil Procedure, but shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond fixed in accordance with law.

Thus, the appellants point out that the WCJ did not set the amount of the suspensive appeal bond in this matter until the date of the hearing on this issue, February 8, 2010. Since they posted the suspensive appeal bond on March 2, 2010, which was less than thirty days from the setting of the bond amount in open court with counsel present, the appellants contend that they posted the bond timely and that this court should deny the appellee's motion to dismiss.

We find the appellants' argument compelling. While in the present case, we recognize that the appellants could have easily computed the amount of the suspensive appeal bond to be posted based on La.Code Civ.P. art. 2124(B)(1), the legislature, in La.R.S. 23:1310.5, did not distinguish between the types of money judgments for which court approval must be sought in workers' compensation cases. Furthermore, we note that, in the present case, the appellants filed their request for a hearing on the amount of the suspensive appeal bond well within thirty days of the notice of the final judgment. Accordingly, we hereby deny the motion to dismiss the appellants' suspensive appeal.

**MOTION TO DISMISS SUSPENSIVE APPEAL AND CONVERT TO DEVOLUTIVE APPEAL DENIED.**

3