# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-937

KEVIN COOLIDGE

VERSUS

AUSTIN BUTLER, DBA
AUSTIN'S AUTO SALVAGE

**********

## APPEAL FROM THE
## OFFICE OF WORKERS' COMPENSATION, DISTRICT 1E,
## PARISH OF CONCORDIA, NO. 14-4586
## BENZA IRVING JONES, WORKERS' COMPENSATION JUDGE

**********

## ELIZABETH A. PICKETT

## JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

> **MOTION TO DISMISS GRANTED. REMANDED TO THE OFFICE OF WORKERS' COMPENSATION FOR THE SETTING OF AN APPEAL BOND IN COMPLIANCE WITH LA.R.S 23:1310.5(C).**

**Paul H. Benoist**
**BENOIST LAW OFFICES**
**329 Market Street**
**Natchez, Mississippi 39120**
**(601) 445-4148**
**Counsel for Plaintiff/Appellee:**
    **Kevin Coolidge**

**Craig S. Watson**
**Attorney at Law**
**3909 Plaza Tower Drive**
**Baton Rouge, Louisiana  70816**
**(225) 292-3800**
**Counsel for Defendant/Appellant:**
      **Austin Butler, DBA Austin's Auto Salvage**

**PICKETT, Judge.**

Kevin Coolidge (Coolidge) filed a motion to dismiss the appeal of Austin Butler, dba Austin's Auto Salvage (Austin's Auto), alleging that the appeal is untimely because Austin's Auto did not post a bond in compliance with La.R.S. 23:1310.5(C). For the reasons that follow, we dismiss the appeal and remand the matter to the Office of Workers' Compensation (OWC) for the setting of a bond in compliance with the applicable law.

This appeal arises out of an alleged on-the-job injury that occurred on April 29, 2014. Coolidge was employed by Austin's Auto as a mechanic. Coolidge alleged that he was working on a motor when it fell on his hand, causing a screw to go through his hand. He filed a 1008 on July, 7, 2007. The matter proceeded to trial on September 4, 2015. The Workers' Compensation Judge (WCJ) took the matter under advisement and issued written reasons for ruling on January 11, 2016. The WCJ ruled in favor of Coolidge and against Austin's Auto. The WCJ found that the accident occurred within the course of scope of Coolidge's employment; that Coolidge was entitled to medical treatment and payment of all related, reasonable, and necessary medical expenses; that Coolidge was entitled to temporary total disability (TTD), supplemental earnings benefits (SEB), and indemnity benefits; and that Austin's Auto was arbitrary and capricious in failing to provide workers' compensation benefits. The WCJ further awarded sanctions and attorney's fees to Coolidge.

A judgment in accordance with the written reasons was signed on June 29, 2016, and notice of judgment issued that same day. Austin's Auto filed a motion for appeal on August 29, 2016, and the WCJ signed an order of appeal on September 1, 2016. Neither the notice of appeal nor the order specified whether the appeal was suspensive or devolutive. On September 2, 2016, the OWC issued

a notice of appeal indicating that the appeal was devolutive. A notice of estimated appeal costs issued on September 9, 2016, and the amount was due twenty days after receipt of the notice. Austin's Auto received the notice on September 14, 2016, and timely paid the estimated costs of appeal on October 3, 2016. Notice of a November 17, 2016 return date was issued.

The record was lodged in this court on November 21, 2016. On November 28, 2016, Coolidge filed the instant motion to dismiss appeal based on Austin's Auto failing to post an appeal bond in accordance with La.R.S. 23:1310.5(C). Austin's Auto opposed the motion to dismiss, alleging that since the WCJ failed to assess an appeal bond, the case should be remanded to the OWC for compliance with La.R.S. 23:1310.5.

Louisiana Revised Statutes 23:1310.5(C) (emphasis added) provides as follows:

> When there has been *an award of benefits* by the workers' compensation judge, *no appeal by an employer shall be entertained* by the appellate court *unless the employer secures a bond* with one or more sureties to be approved by the workers' compensation judge, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. *The time limits for perfecting the bond* shall be as provided in the Code of Civil Procedure, but *shall not commence to run against the appellant until the appellant is notified by the workers' compensation judge as to the amount of the bond* fixed in accordance with law.

Thus, in workers' compensation matters, appeal bonds are required in both suspensive and devolutive appeals where the claimant has been awarded benefits and the employer seeks an appeal. However, the delay for posting the bond does not begin to run until the appellant gets notification of the amount of the bond.

Coolidge seeks to have the appeal dismissed since it is undisputed that Austin's Auto did not post an appeal bond in this case. It is also undisputed that no bond was set by the WCJ or the OWC. Thus, Austin's Auto, on the other hand,

2

asserts that the matter should be remanded to the OWC so that the amount of the appeal bond can be fixed in compliance with La.R.S. 23:1310.5(C).

Austin's Auto cites *Hurst v. Arabi Taxi and Delivery Service*, 96-108 (La.App. 5 Cir. 5/28/96), 675 So.2d 1210,[1] in support of this proposition. In *Hurst*, a cabdriver was murdered in his taxi while employed by Arabi Taxi and Delivery Service. His mother was awarded death benefits, and the taxi service took a suspensive appeal. The hearing officer did not set a bond, and none was filed. The Fifth Circuit, on its own motion, dismissed the appeal as premature and remanded the case to the OWC, ordering the OWC to comply with the requirements of La.R.S. 23:1310.5.

Austin's Auto also cites *Agilus Health v. Dressler, Inc.*, 10-313 (La.App. 3 Cir. 4/14/10), 36 So.3d 385.[2]

The facts of this case are nearly identical to *Hurst*, 675 So.2d 1210. No bond was set in this case. Therefore, since the delay for the posting the bond did not begin to run and since the motion for appeal was timely filed after the notice of judgment, this appeal cannot be dismissed as untimely. *See Agilus Health*, 36 So.3d 385.

---

[1] *Hurst*, 675 So.2d 1210, was decided under a prior version of La.R.S. 23:1310.5(C); however, that version required that a bond be secured with a surety approved by a hearing officer before an employer could appeal a case where an award of benefits had been made. The version of La.R.S. 23:1301.5 applicable in *Hurst* read:

> When there has been an award of benefits by the hearing officer, no appeal by an employer shall be entertained by the appellate court unless the employer secures a bond with one or more sureties to be approved by the hearing officer, guaranteeing that the employer will pay the amount of the award rendered therein together with interest thereon as otherwise provided by law, and all costs of the proceeding. The time limits for perfecting the bond shall be as provided in the Code of Civil Procedure, but shall not commence to run against the appellant until the appellant is notified by the hearing officer as to the amount of the bond fixed in accordance with law.

[2] *Agilus Health*, 36 So.3d 385, was decided under the current version of La.R.S. 23:1310.5(C).

We hereby dismiss the appeal of Austin's Auto as premature. The matter is remanded to the OWC for the setting of a bond in compliance with La.R.S. 23:1310.5(C).

**MOTION TO DISMISS GRANTED.   REMANDED TO THE OFFICE OF WORKERS' COMPENSATION FOR THE SETTING OF AN APPEAL BOND IN COMPLIANCE WITH LA.R.S. 23:1310.5(C).**