# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

TOSHULA CARR

VERSUS

CITY OF BATON ROUGE, PARISH
OF EAST BATON ROUGE
DEPARTMENT OF PUBLIC WORKS
AND DWIGHT ROBINSON

NO. 2019 CW 0754

OCT 2 8 2019

---

In Re: Liberty Mutual Fire Insurance Company, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 614238.

---

**BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.** The trial court's May 7, 2019 judgment granting the plaintiff's motion to vacate the February 13, 2019 judgment denying her motion for new trial on the judgment granting Liberty Mutual Insurance Company's motion for summary judgment is reversed. The plaintiff's "motion to vacate" is an impermissible second motion for new trial, which the trial court erred as a matter of law in granting. See **Clark v. Board of Trustees of Clerks of Court Retirement & Relief Fund**, 292 So.2d 874, 876 (La. App. 1st Cir.), writ refused sub nom., **Watermeier v. Board of Trustees of the Clerks of Court Retirement & Relief Fund**, 294 So.2d 836 (La. 1974). Furthermore, contrary to the plaintiff's assertion, it is well settled that a motion for new trial does not necessarily require a contradictory hearing. **Sonnier v. Liberty Mutual Insurance Co.**, 248 So.2d 299 (La. 1971); **First Bank and Trust v. Fitness Ventures, L.L.C.**, 2017-0475 (La. App. 1st Cir. 12/6/17), 2017 WL 6031783, *4 (unpublished), citing **Bracken v. Payne & Keller Co., Inc.**, 2014-0637, (La. App. 1st Cir. 8/10/15), 181 So.3d 53, 57, n. 4. "Constitutional due process does not require a contradictory hearing on a motion for a new trial." **First Bank and Trust**, 2017 WL 6031783, *4. The plaintiff's motion to vacate the February 13, 2019 judgment denying her motion for new trial on the judgment granting Liberty Mutual Insurance Company's motion for summary judgment is denied.

**TMH**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT